[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 15, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14431
Non-Argument Calendar

_____

BIA No. A79-492-785

DANIEL HERNANDEZ,
MARTA EDILSA MIRANDA,
DANIEL ANDRES HERNANDEZ,

                                                    Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 15, 2008)**

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Daniel Hernandez, his wife Marta Edilsa Miranda, and his son Daniel Andres Hernandez ("petitioners"), citizens and natives of Colombia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from the Immigration Judge's ("IJ") order denying their joint application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). After review, we dismiss in part and deny in part the petition.[1]

Petitioners applied for asylum, withholding of removal and CAT relief, claiming that Daniel Hernandez was persecuted by the Revolutionary Armed Forces of Colombia ("FARC") based on his political opinion. In denying petitioners' application, the IJ made an adverse credibility determination as to Daniel Hernandez, the sole witness at the asylum hearing, which the BIA adopted. On appeal, petitioners challenge this credibility finding.

Because the BIA's order adopted the IJ's credibility finding, we review the decisions of both the BIA and the IJ as to the credibility issue. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "The IJ's factual determinations, including credibility determinations, are reviewed under a substantial evidence

---

[1]We lack jurisdiction to consider the petitioners' argument that the IJ erred by denying their request for voluntary departure because they failed to exhaust this issue in their appeal to the BIA. See 8 U.S.C. § 1252(d)(1); Alim v. Gonzales, 446 F.3d 1239, 1253 (11th Cir. 2006). Thus, to the extent petitioners seek review of the denial of their request for voluntary departure, their petition is dismissed.

standard, which provides that the IJ's decision can be reversed only if the evidence compels a reasonable fact finder to find otherwise." Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230-31 (11th Cir. 2006) (quotation marks omitted).

"The asylum applicant must establish eligibility for asylum by offering credible, direct, and specific evidence in the record." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005) (quotation marks omitted). "[A]n adverse credibility determination alone may be sufficient to support the denial of an asylum application." Id. "[T]he IJ must offer specific, cogent reasons for an adverse credibility finding." Id. "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." Id. (quotation marks omitted).

Here, the IJ made an explicit adverse credibility determination as to Hernandez and gave specific, cogent reasons for his credibility finding. More particularly, the IJ stated that Hernandez's hearing testimony was dramatically different from his application and asylum interview. The IJ identified a number of material inconsistencies, including Hernandez's failure to identify the FARC as his persecutor in either his application or his asylum interview and Hernandez's failure to mention in his application or his asylum interview that he was a political activist with the Conservative Party and a community leader, that his eldest son was

3

poisoned by the FARC, and that the FARC called Hernandez a few days after his eldest son's death and informed Hernandez that he would also be killed if he did not discontinue his political activity. In addition, during the hearing, the government pointed out that Hernandez failed to mention in either his application or his asylum interview that, as a result of the FARC's campaign of threats and harassment, he was forced to sell his farm in 1994 or that he was confronted by the FARC in July 1999 after he moved his factory to a new location and told to collaborate with them. These material inconsistencies are supported by substantial evidence.

Petitioners argue that these inconsistencies do not "go to the heart" of their claim. Although we have not addressed the issue in a published opinion, some circuits have concluded that inconsistencies used to discredit an asylum-seeker's testimony must go to the heart of the asylum claim. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002); Chebchoub v. I.N.S., 257 F.3d 1038, 1043 (9th Cir. 2001).[2] We need not resolve the issue, however, because the inconsistencies identified at the hearing directly relate to the petitioners' claims of political

_____

[2]We note that the REAL ID Act of 2005 amended the Immigration and Nationality Act to permit adverse credibility determinations based on inconsistencies regardless of whether those inconsistencies go to the heart of the asylum applicant's claim. See Pub. L. No. 109-13, § 101(a)(3), 119 Stat. 231, 303 (2005) (codified at 8 U.S.C. § 1158(b)(i)(B)(iii)). However, because the petitioners' joint application was filed prior to the enactment of the REAL ID Act on May 11, 2005, this amendment does not apply to petitioners' claim. See id. § 101(h)(2), 119 Stat. at 305.

4

persecution by the FARC and thus are sufficient under either standard. Specifically, the inconsistencies call into doubt Hernandez's membership in the Conservative Party, his identification of the FARC as his alleged persecutors, whether and why the FARC was allegedly persecuting him and the severity of that alleged persecution.

In sum, substantial evidence supports the IJ's and the BIA's conclusion that Hernandez lacked credibility. Furthermore, the documentary evidence in the record does not compel a conclusion that the petitioners are entitled to asylum. Because the petitioners did not meet the burden of proof with respect to their asylum claim, they also cannot meet the higher burden of proof required for withholding of removal or CAT relief. See Forgue, 401 F.3d at 1288 n.4.[3]

**PETITION DISMISSED IN PART and DENIED IN PART.**

---

[3]We do not address the BIA's alternative finding that, even if Hernandez was credible, the petitioners failed to establish either past persecution or a well-founded fear of future persecution.