[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11994
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 10, 2009
THOMAS K. KAHN
CLERK

Agency Nos. A079-492-785,
A079-492-786

DANIEL HERNANDEZ,
MARTA EDILSA MIRANDA,
DANIEL ANDRES HERNANDEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 10, 2009)

Before BARKETT, HULL and FAY, Circuit Judges.

PER CURIAM:

Daniel Hernandez, his wife Marta Edilsa Miranda, and his son Daniel Andres Hernandez ("petitioners"), citizens of Colombia, petition for review of the Board of Immigration Appeals's ("BIA") denial of their motion to reconsider the BIA's prior order denying petitioners' motion to reopen their removal proceedings. After review, we dismiss in part and deny in part the petition.

In 2004, the government issued a notice to appear charging petitioners as removable for overstaying their visitor visas. Petitioners conceded removability and filed an application for asylum, withholding of removal and relief under the Convention Against Torture alleging political persecution by the Revolutionary Armed Forces of Colombia ("FARC"). After a hearing, the Immigration Judge denied all relief, finding that Daniel Hernandez, the sole witness, lacked credibility. The BIA dismissed petitioners' appeal, agreeing with the IJ's credibility finding and finding that petitioners had failed to establish eligibility for relief. On May 15, 2008, this Court denied in part and dismissed in part the petition for review of the final removal order. See Hernandez v. U.S. Att'y Gen., 277 F. App'x 933 (11th Cir. 2008).

On March 17, 2008, while that appeal was still pending before this Court, petitioners filed a motion to reopen in the BIA, asserting changed country conditions in Colombia. Petitioners attached affidavits from three people in Colombia recounting recent threats from the FARC against Daniel Hernandez. On

July 15, 2008, the BIA denied the motion to reopen, finding that petitioners had not shown changed country conditions. Specifically, the BIA concluded that the threats described in the affidavits were "merely cumulative of the [petitioners'] claim raised at [the] hearing," the denial of which had been based in part on Hernandez's lack of credibility, which remained unaffected by the affidavits. Petitioners did not appeal the BIA's July 15, 2008 denial of their motion to reopen.

Instead, on August 6, 2008, petitioners filed a motion for reconsideration of the denial of the motion to reopen. On March 23, 2009, the BIA denied the motion for reconsideration, finding that it had not "erred in [its] assessment of the evidence supporting the motion, particularly in light of the adverse credibility determination made in this case."

On April 21, 2009, petitioners filed this petition for review of the BIA's March 23, 2009 denial of the motion for reconsideration. However, petitioners' appellate brief before this Court does not challenge the BIA's denial of their motion for reconsideration. Instead, the brief is devoted entirely to challenging the BIA's denial of their underlying motion to reopen.[1]

We lack jurisdiction to review the BIA's July 15, 2008 order denying the

---

[1]"We review de novo our own subject matter jurisdiction." Avila v. U.S. Att'y Gen., 560 F.3d 1281, 1283 (11th Cir. 2009). "We review the BIA's denial of a motion to reconsider for abuse of discretion." Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007) (quotation marks omitted).

motion to reopen because the April 21, 2009 petition for review was not filed within thirty days of the entry of that order. See 8 U.S.C. § 1252(b)(1), INA § 242(b)(1) (providing that an alien seeking review of a final order of the BIA must file a petition for review within thirty days of the issuance of the final order); Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (explaining that the period for filing a petition for review "is mandatory and jurisdictional, [and] it is not subject to equitable tolling" (internal quotation marks omitted)). Accordingly, the petition is dismissed to the extent petitioners challenge the denial of their motion to reopen.

The petition for review is timely as to the BIA's March 23, 2009 order denying petitioners' motion for reconsideration. However, petitioners failed to proffer any argument as to why the BIA erred in denying this motion. For this reason, petitioners have abandoned any argument regarding the BIA denial of their motion for reconsideration. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned."). Therefore, the petition is denied as to the denial of the petitioners' motion for reconsideration.

**PETITION DISMISSED IN PART; DENIED IN PART.**

4