[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 17, 2010
JOHN LEY
CLERK

No. 09-12169
Non-Argument Calendar

_____

Agency Nos. A099-638-476
A099-638-477

INGRID COROMOTO VELASQUEZ RIVERO,
CRISTINA ELENA VELASQUEZ RIVERO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 17, 2010)

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Venezuelan native and citizen Ingrid Coromoto Velasquez Rivero petitions for review of the Board of Immigration Appeals' (BIA's) decision affirming the Immigration Judge's (IJ's) order denying her application for withholding of removal.[1]  Velasquez Rivero[2] raises two issues on appeal, which we address in turn.  After review, we deny her petition.

I.

First, Velasquez Rivero asserts the IJ's adverse credibility finding was not supported by substantial evidence because the IJ never explicitly stated he was making an adverse credibility finding.  To the extent he made an adverse credibility finding, she contends she provided sufficient explanation for the specific instances the BIA highlighted as weighing against her credibility.

Contrary to Velasquez Rivero's assertion, the IJ made an explicit adverse credibility finding, stating "I do not find . . . this applicant to be a credible witness."  We review adverse credibility findings for substantial evidence.  *Chen*

---

[1] In her initial application, Velasquez Rivero also sought asylum and relief under the Convention Against Torture (CAT).  The IJ rejected the asylum application as untimely under 8 U.S.C. § 1158(a)(2)(B), and rejected her claim for CAT relief on the merits.  Because Velasquez Rivero did not raise the timeliness of her asylum application or CAT claims on appeal to the BIA, we are jurisdictionally precluded from hearing them, and therefore, even assuming they are raised before us, we dismiss the petition in these respects.  *Amaya-Artunduaga v. U.S. Att'y. Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

[2] Velasquez Rivero listed her daughter, Cristina Elena Velasquez Rivero, as a derivative beneficiary on her application.  We note, however, that derivative status applies to asylum, but not withholding of removal.  *Delgado v. Att'y Gen.*, 487 F.3d 855, 862 (11th Cir. 2007).

*v. U.S. Att'y Gen.*, 463 F.3d 1228, 1230-31 (11th Cir. 2006). Adverse credibility findings will be reversed "only if the evidence compels a reasonable fact finder to find otherwise." *Id.* at 1231 (quotations omitted). "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006). "[T]he IJ must offer specific, cogent reasons for an adverse credibility finding." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282,1287 (11th Cir. 2005) (quotation omitted). Once the IJ makes an adverse credibility finding, the burden is on the applicant to show the finding was not supported by such reasons or was not based on substantial evidence. *Id.*

Substantial evidence supports the IJ's credibility finding.[3] Although Velasquez Rivero provided explanations for her statements at the hearing, the IJ based his adverse credibility finding on specific discrepancies and omissions,[4] including: Velasquez Rivero's omission of the important fact of her daughter being threatened in her asylum application; her omission during direct testimony that she was taken by the national police; her omission of certain employment in the United

---

[3] The BIA expressly adopted the opinion of the IJ with additions, so we review the IJ's opinion to the extent it was not modified by the BIA decision. *See Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009).

[4] An adverse credibility determination may be based on any inconsistencies, even ones that do not go to the heart of the applicant's claim, provided that such a determination is supported by the totality of the circumstances. 8 U.S.C. § 1158(b)(1)(B)(iii).

States; and her inability to adequately explain any of these inconsistencies without resorting to embellishments. These examples represent specific findings—some of which were material—that Velasquez Rivero failed to establish the indicia of credibility this Court commonly recognizes. *See Ruiz*, 440 F.3d at 1255. Moreover, given the weakness of Velasquez Rivero's case, she failed to provide a corroborating witness, despite testifying she had a friend in Miami who was here legally and familiar with her situation in Venezuela. *See Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005) ("The weaker an applicant's testimony . . . the greater the need for corroborative evidence."). Given the totality of the circumstances, the IJ's adverse credibility finding is supported by substantial evidence, and Velasquez Rivero has failed to satisfy her burden to demonstrate the record compels this Court to overturn it.[5]

## II.

Second, Velasquez Rivero asserts the BIA erred in concluding she received a full and fair hearing from an impartial IJ, because his hostile and discourteous treatment of her amounted to a violation of her due process rights. "We review *de novo* constitutional due process claims." *Avila v. U.S. Att'y Gen.*, 560 F.3d 1281, 1285 (11th Cir. 2009). An individual in removal proceedings is entitled to due

---

[5] The IJ also found Velasquez Rivero's arrest for pamphleteering and the number of phone calls she received were not plausible, but these conclusions appear to be speculative. Nevertheless, any error in this respect is outweighed by the IJ's other supported findings.

4

process of law under the Fifth Amendment. *Reno v. Flores*, 113 S. Ct. 1439, 1449 (1993). "To establish due process violations in removal proceedings, aliens must show that they were deprived of liberty without due process of law, and that the asserted errors caused them substantial prejudice." *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009) (quotations omitted). To show substantial prejudice, the petitioner must show the alleged due process violation would have affected the outcome of the case. *See Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1263 (11th Cir. 2003) ("It is clear that there was no such prejudice because it is undisputed that . . . the result of those proceedings would have been the same in the absence of the alleged procedural deficiencies.").

The Seventh Circuit concluded an IJ violated an alien's due process rights in a prejudicial manner when the IJ "actively interject[ed] himself into the proceedings, far exceed[ed] his role of developing the record, and at times assume[d] an inquisitorial role." *Torres v. Mukasey*, 551 F.3d 616, 627 (7th Cir. 2008). In *Torres*, the Court noted the IJ interrupted the petitioner, became impatient, and did not give the petitioner time to respond. *Id.* In *Cham v. Att'y Gen. of the U.S.*, 445 F.3d 683, 688-91 (3d Cir. 2006), the court held the IJ, who had been admonished before, was loud and belligerent to the petitioner, barely gave him a chance to respond, and used the petitioner's escalating nervousness to

support what was essentially a predetermined conclusion that the petitioner was not telling the truth. *Id.*

The record does not show the IJ acted with hostility towards Velasquez Rivero. The IJ questioned her at length, possibly eliciting more direct testimony than her counsel did. A review of this questioning does not show hostility, however, but rather an attempt to clarify the record. Although the IJ frequently interrupted questioning, he allowed Velasquez Rivero's counsel to resume when finished, and provided him with an opportunity to finish direct examination and redirect, which he declined. The record also demonstrates the IJ similarly interrupted and corrected Government counsel numerous times, once specifically noting the need to keep the record clear for potential appellate review. The manner of questioning shows the IJ attempted to provide Velasquez Rivero with an opportunity to be heard and present her claims as completely as possible. As there is nothing in the record to indicate the IJ conducted the hearing in such a way as to deprive Velasquez Rivero of an opportunity to be heard or cause her substantial prejudice, the BIA did not err in determining there was no due process violation.

**PETITION DISMISSED IN PART, DENIED IN PART.**