[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14552
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2010
JOHN LEY
CLERK

Agency No. A098-234-749

BIN XU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 9, 2010)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Bin Xu, a citizen of China, pro se petitions for review of the Board of

Immigration Appeals's ("BIA") order (1) denying his pro se motion to reconsider its prior decision affirming the Immigration Judge's ("IJ") removal order; and (2) denying his pro se motion to reopen his removal proceedings. After review, we dismiss in part and deny in part the petition.

## I. BACKGROUND

### A. Removal Proceedings

In 2003, Xu entered the United States on a nonimmigrant student visa to attend the University of North Carolina in Charlotte ("UNCC"). In January 2005, UNCC suspended Xu for failing to comply with academic requirements. As a result, Xu's student visa was terminated. In November 2006, based on the visa termination, the Department of Homeland Security charged Xu with removability for failing "to maintain or comply with the conditions of the nonimmigrant status under which [he was] admitted."

In April 2007, Xu pro se filed an application for asylum, withholding of removal and relief under the Convention against Torture ("CAT") in which he claimed he feared persecution in China because, in part, he is a baptized Christian and practices qigong, a breathing exercise that Chinese authorities would perceive as Falun Gong. Xu's hearing was originally scheduled for July 30, 2007. After both Xu and the government sought a continuance, the hearing was postponed until November 30, 2007.

2

Prior to his hearing, on November 27, 2007, Xu filed two "emergency" motions for a continuance. The first motion asserted that (1) UNCC's academic suspension was due to discrimination, (2) Xu had an appeal of the suspension pending with the Department of Education's Office of Civil Rights ("OCR") and (3) Xu wished to continue his removal hearing until he received a final opinion from the OCR. The second continuance motion explained that Xu was arrested on November 23, 2007 for second degree trespass and resisting a public officer. Xu asked to postpone the removal hearing so he would not "risk the loss of [his] constitutional right to a trial."

At Xu's November 30, 2007 removal hearing, the IJ denied Xu's continuance motions. After Xu testified, the IJ denied relief. The IJ denied Xu's asylum claim as time-barred and, alternatively, on the merits. The IJ found that Xu was not credible as to his religious activities in the United States and failed to show a clear probability that he would be persecuted in China. The IJ granted Xu voluntary departure before December 31, 2007.

## B.     "Motion for Reconsideration" Construed as a Motion to Reopen

On December 27, 2007, Xu filed a motion styled "Motion for Reconsideration," in which Xu: (1) withdrew his asylum application, but requested withholding of removal based on his religion and Falun Gong practice; (2) stated that he was baptized at Northside Baptist Church on February 8, 2004 and

regularly attended "house churches"; (3) argued that because his criminal case had been continued until January 3, 2008, the IJ's voluntary departure date of December 31, 2007 violated his constitutional right to a trial; and (4) asked for voluntary departure should his application be denied. Xu attached exhibits, including (1) what appear to be pictures of Xu's baptism; (2) a letter from World Bible School dated August 8, 2007, stating Xu studied the Bible by mail; (3) excerpts of the 2007 China Religious Freedom Report and the 2007 China Country of Origin Information Report with portions relevant to "house churches" underlined; (4) the 2007 China Profile of Asylum Claims and Country Conditions Report with information pertaining to Falun Gong underlined; and (5) a document showing that Xu's criminal case was continued until January 3, 2008.

The IJ construed Xu's "motion for reconsideration" as a motion to reopen. The IJ denied the motion because Xu failed to show that the evidence was previously unavailable or could not have been presented at the hearing. The IJ also concluded that Xu had not shown a reasonable likelihood of success on the merits to warrant reopening removal proceedings.

## C.    BIA Appeal and Motions to Remand

Xu pro se appealed to the BIA, challenging the IJ's denial of his motions for a continuance. Xu argued that the denial of his continuance requests violated his rights to a trial and due process. In addition, Xu advised the BIA that his criminal

4

case was continued until February 14, 2008 and attached a copy of the notice of his new court date.

While his BIA appeal was pending, Xu filed three motions to remand with the BIA. The first remand motion, filed February 25, 2008, advised the BIA that Xu's OCR appeal was still pending and attached an email exchange with an OCR representative. The second remand motion, filed June 12, 2008, advised the BIA that (1) Xu's OCR appeal was still pending and that he would not receive a final opinion for at least 150 days; and (2) on January 27, 2008, Xu filed an action against UNCC in North Carolina state court asserting state law claims.[1] Xu attached copies of pleadings in the state court action. The third remand motion advised the BIA that on August 29, 2008 Xu had filed a 42 U.S.C. § 1983 action against UNCC in federal district court. Xu attached copies of some of the district court pleadings. All three remand motions argued that the outcome of Xu's removal proceedings would change if he succeeded in overturning UNCC's academic suspension.

On February 27, 2009, the BIA denied Xu's appeal. The BIA concluded that Xu's appeal was untimely as to the IJ's November 30, 2007 removal order, but was timely as to the IJ's ruling on the "motion for reconsideration." The BIA found,

---

[1]Xu stated that the UNCC defendants had failed to answer his state court complaint and that he had filed a motion for a default judgment.

5

inter alia, that Xu's pro se "motion for reconsideration" was "in the nature of a motion to reopen." The BIA upheld the IJ's refusal to reopen the removal proceedings because Xu had not presented any new or previously unavailable evidence that would warrant reopening Xu's case.

The BIA denied Xu's three motions to remand, concluding that Xu's "new" evidence of his ongoing litigation relating to his UNCC suspension merely supported arguments already made to and rejected by the IJ. As for Xu's motions for a continuance, the BIA agreed with the IJ that Xu had not shown good cause. The BIA noted that there had been an adverse ruling in Xu's state court action and no resolution of Xu's federal court action. Given that the IJ "was not prepared to continue [Xu's] case indefinitely" and "the speculative and collateral nature of" the UNCC litigation, the BIA concluded that the IJ had not erred in denying Xu's requests for a continuance. The BIA declined to address Xu's constitutional claims, stating that it had "no jurisdiction over the constitutionality of the statutes and regulations we administer."

E.    **Motions to Reconsider and to Reopen Before the BIA**

On March 30, 2009, Xu filed a motion to reconsider with the BIA in which Xu argued, inter alia, that the BIA had erred in treating his December 27, 2007 "motion for reconsideration" as a motion to reopen and had violated his constitutional right to a criminal trial by refusing to continue his removal

6

proceedings. On May 27, 2009, Xu filed a motion to reopen with the BIA and attached a new state court complaint filed against UNCC in March 2009.[2] Xu reasserted his argument that if he prevailed against UNCC, UNCC would have to reinstate him as a student and he would not be removable.

In an August 13, 2009 order, the BIA denied both motions. The BIA concluded it had properly treated Xu's December 27, 2009 "motion for reconsideration" as a motion to reopen. As to the denial of Xu's request for a continuance, the BIA concluded that Xu's constitutional claim was moot because it was apparent Xu was able to attend the January 3, 2008 criminal hearing. Alternatively, the BIA concluded that Xu's arguments lacked merit because Xu's pending criminal charges and UNCC civil litigation did not provide proper bases for giving Xu additional time to remain in the United States. Xu petitioned this Court for review.

## II.  DISCUSSION

### A.    Appellate Jurisdiction

On September 8, 2009, Xu filed a petition for review of the BIA's August 13, 2009 order.[3] However, Xu's appeal brief mainly challenges rulings in the

---

[2]Xu argued that this new action against UNCC was not barred by res judicata, had not been dismissed and was likely to succeed because the defendants had failed to file an answer.

[3]The only decision listed in Xu's petition for review is the BIA's August 13, 2009 order.

7

BIA's February 27, 2009 decision, including the BIA's (1) denial of Xu's three motions to remand; (2) affirmance of the IJ's denial of Xu's two motions for a continuance; and (3) affirmance of the IJ's denial of Xu's "motion for reconsideration" construed as a motion to reopen.[4]

We lack jurisdiction to review the BIA's February 27, 2009 decision because the September 8, 2009 petition for review was not filed within thirty days of the entry of that order. See Immigration and Nationality Act ("INA") § 242(b)(1), 8 U.S.C. § 1252(b)(1) (providing that an alien seeking review of a final order of the BIA must file a petition for review within thirty days of the issuance of the final order); Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (explaining that the period for filing a petition for review "is mandatory and jurisdictional, [and] not subject to equitable tolling" (quotation marks omitted)). A motion for reconsideration filed with the BIA does not toll the time for filing a petition for review. Stone v. INS, 514 U.S. 386, 405-06, 115 S. Ct. 1537, 1549 (1995); Jaggernauth v. U.S. Att'y Gen., 432 F.3d 1346, 1350-51 (11th Cir. 2005). Accordingly, Xu's petition is dismissed to the extent Xu challenges any rulings in the BIA's February 27, 2009 decision.

The petition for review is timely as to the BIA's August 13, 2009 order

---

[4]"We review de novo our own subject matter jurisdiction." Avila v. U.S. Att'y Gen., 560 F.3d 1281, 1283 (11th Cir. 2009).

denying Xu's motion to reconsider and motion to reopen. Therefore, we address only these rulings.

**B.    Motion to Reconsider**

An alien may file a motion to reconsider before the BIA within thirty days of the entry of a removal order. See INA § 240(c)(6)(B), 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2). "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1); see also INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C). A motion to reconsider that merely restates the arguments the BIA previously rejected provides no basis for the BIA to change its prior decision. Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007). "Therefore, merely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." Id. (quoting 8 C.F.R. § 1003.2(b)(1)) (alteration in original).[5]

Here, the BIA did not abuse its discretion in denying Xu's motion to reconsider. Xu's motion argued that the BIA erred in treating his December 27, 2007 "motion for reconsideration" (filed with the IJ) as a motion to reopen. As the

_____

[5]We review the BIA's denial of a motion to reconsider for an abuse of discretion. Calle, 504 F.3d at 1328.

9

BIA pointed out, although Xu's pro se motion was styled a "motion for reconsideration," its contents did not identify any "errors of law or fact." See INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C) (requiring a motion to reconsider to specify "errors of law or fact" in the IJ's prior decision); 8 C.F.R. § 1003.23(b)(2) (same). Instead, the motion asked the IJ to decide Xu's withholding of removal claim anew based on documentary evidence he did not submit at his removal hearing. Xu also asked for voluntary departure based on the new fact that his criminal hearing had been postponed until January 3, 2008, which he supported with documentary evidence. Thus, Xu's pro se motion was in substance a motion to reopen his removal proceedings based on new evidence. See INA § 240(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B) (providing that a motion to reopen removal proceedings states "new facts that will be proven" and is "supported by affidavits or other evidentiary material"); 8 C.F.R. § 1003.23(b)(3) (same). Denying the motion to reconsider on this ground was not an abuse of discretion.

Xu's motion to reconsider also re-argued: (1) that the IJ's denial of his motions to continue his removal proceedings violated his rights to a criminal trial and due process; and (2) that his case should be remanded because his UNCC litigation was ongoing and if he won that litigation, he would not be subject to removability. The BIA had already considered and rejected these arguments in its February 27, 2009 decision. Because Xu claimed the BIA had "overlooked" his

constitutional claims, the BIA reiterated that those claims did not provide basis for continuing, reopening or remanding Xu's case. Given that Xu's motion to reconsider did not identify any errors of fact or law in the BIA's February 27, 2009 decision, and merely repeated arguments Xu had made unsuccessfully in his earlier motions, the BIA did not abuse its discretion in denying the motion.

## C.    Motion to Reopen

A motion to reopen may be granted if the alien presents to the BIA new evidence that is material and could not have been discovered or presented at the removal hearing. 8 C.F.R. § 1003.2(c)(1). An alien moving to reopen bears a "heavy burden" and must show that the "new evidence offered would likely change the result in the case." Ali v. U.S. Att'y Gen., 443 F.3d 804, 813 (11th Cir. 2006).[6]

Xu argues that his second state court complaint against UNCC attached to his motion to reopen constituted new evidence that he could not have presented at his removal hearing. However, the BIA did not deny Xu's motion to reopen because his evidence was not "new," but because the new evidence did not warrant reopening, that is, that Xu's new evidence would not likely change the result of Xu's removal proceedings.

---

[6]We review the BIA's denial of a motion to reopen for an abuse of discretion. Scheerer v. U.S. Att'y Gen., 513 F.3d 1244, 1252 (11th Cir.), cert. denied, 129 S. Ct. 146 (2008). Our review is limited to deciding whether the BIA's exercise of discretion was arbitrary or capricious. Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005).

When the BIA issued its February 27, 2009 decision affirming the IJ's final removal order, the BIA noted that Xu's state court litigation against UNCC had been dismissed. Although Xu's federal court action remained pending, the BIA concluded that whether Xu would prevail in that action was speculative and thus did not warrant reopening or remanding his removal proceedings.

Xu's motion to reopen advised the BIA that he had begun a new state court action against UNCC. Given that Xu's ability to prevail in this new state court action was also speculative, the fact that he had filed such an action would not change the result of the BIA's decision. As the BIA explained, what Xu needed to submit was evidence that he maintained lawful non-immigrant status, something his new state court complaint against UNCC did not show. Because Xu failed to show that, if proceedings were reopened, the result would be different, the BIA did not abuse its discretion in denying his motion to reopen.

**PETITION DISMISSED IN PART AND DENIED IN PART.**