[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12956
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 7, 2012
JOHN LEY
CLERK

Agency No. A088-314-714

RICARDO BARRIOS,

                                                            Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 7, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Ricardo Barrios seeks review of the Board of Immigration Appeals' (BIA) order dismissing his appeal of the Immigration Judge's (IJ) denial of his motion to reopen and rescind his in absentia removal order. Barrios raises two issues on appeal. First, he contends the BIA abused its discretion in determining he received proper notice of his removal hearing when the Notice to Appear (NTA) was sent to the address he provided in his asylum application. He asserts he did not receive mail at that address, and, therefore, cannot be charged with receiving actual or constructive notice. Second, he asserts his due process rights were violated because neither the Government, nor the IJ, provided him with the NTA or his asylum application, even though they referenced those documents in their opposition brief and decision, respectively. Thus, he contends he was denied his statutory right to examine the evidence against him. After review,[1] we deny Barrios's petition.

I.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1145 (11th Cir. 1999). In the context of a motion to reopen, whether an alien received sufficient notice of

---

[1] We review the BIA's decision as the final judgment, unless the BIA has expressly adopted the IJ's decision. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). Because the BIA did not expressly adopt the IJ's decision, we review the BIA's decision only.

his removal hearing is a finding of fact. *See Contreras-Rodriguez v. U.S. Att'y Gen.*, 462 F.3d 1314, 1317 (11th Cir. 2006) (granting petition for review and remanding for the BIA to consider in the first instance whether petitioner received a sufficient notice of hearing before being removed in absentia). The BIA's factual findings are considered "conclusive unless a reasonable factfinder would be compelled to conclude to the contrary." *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1340 (11th Cir. 2003).

If an alien fails to attend a proceeding after being provided with written notice under 8 U.S.C. § 1229(a)(1) and (2), he shall be ordered removed in absentia if the agency establishes by "clear, unequivocal, and convincing evidence" the written notice was properly provided and the alien is removable. 8 U.S.C. § 1229a(b)(5). The written notice is considered sufficient if provided at the most recent address provided under 8 U.S.C. § 1229(a)(1)(F). *Id.* Under § 1229(a)(1)(F), an alien must immediately provide an address at which he may be contacted and must immediately provide notice of any change of the alien's address.

The BIA did not err in determining that Barrios was provided proper notice of his removal proceedings. Barrios asserts he was living at a residence in St. Cloud when the NTA was sent, and the Department of Homeland Security (DHS)

should have known the Dundee address was incorrect because it was a Post Office box and not a physical residence. However, he does not dispute the NTA was sent to the most recent address he provided in writing to the DHS. In fact, he provided this address in his asylum application only two months before the NTA was sent. He does not contend he informed the DHS of a change in his address to St. Cloud. Further, he fails to explain why he provided the Dundee address in his asylum application, but later alleged that the address was never his. Therefore, the address used by the DHS qualifies as a § 1229(a)(1)(F) address.

Since the DHS mailed the NTA to the last § 1229(a)(1)(F) address provided by Barrios, he received sufficient notice to allow for in absentia proceedings. *See* 8 U.S.C. § 1229a(b)(5). Also, because Barrios did not provide a change of address, he is precluded from claiming that he did not receive notice. *See Dominguez v. U.S. Att'y Gen.*, 284 F.3d 1258, 1260 (11th Cir. 2002) ("Failing to provide the [DHS] with a change of address will preclude the alien from claiming that the INS did not provide him or her with notice of a hearing."). Lastly, this case can be distinguished from *In re G-Y-R-*, 23 I.&.N. Dec. 181, 182 (BIA 2001), because that case dealt with a NTA that was sent to an address provided six years earlier and was returned by the postal service, where, here, the NTA was sent to an address provided only two months earlier and was not returned as undeliverable.

4

Therefore, the BIA did not abuse its discretion when it dismissed Barrios's appeal of the denial of his motion to reopen based on its conclusion that Barrios received proper notice.  Accordingly, we deny Barrios's petition with regard to his lack of notice claim.

## II.

We review constitutional due process claims *de novo*.  *Avila v. U.S. Att'y Gen.*, 560 F.3d 1281, 1285 (11th Cir. 2009).  To establish a due process violation, an alien must prove he was deprived of liberty without due process of law, and the deprivation caused him substantial prejudice.  *Id.*  Substantial prejudice occurs when a due process violation affects the outcome of the case.  *Id.*

In removal proceedings, "the alien shall have a reasonable opportunity to examine the evidence against the alien." 8 U.S.C. § 1229a(b)(4)(B).  Barrios had access to his asylum application and the NTA sent to him, as they were both in the administrative record, and, thus, Barrios had a reasonable opportunity to examine the evidence against him.  However, even if he was denied a reasonable opportunity to examine the evidence, he has not shown that he was substantially prejudiced by such a denial. Accordingly, Barrios's due process rights were not violated, and we deny his petition with regard to this claim.

**PETITION DENIED.**

5