[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11095

_____

Agency Nos. A78-832-140,
A71-793-730

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 5, 2009
THOMAS K. KAHN
CLERK

MANUEL ROBERTO AVILA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 5, 2009)

Before TJOFLAT, BLACK and COX, Circuit Judges.

PER CURIAM:

Manuel Roberto Avila, a native and citizen of Peru, through counsel, petitions this Court for review of an order issued by the Department of Homeland Security (DHS) on March 6, 2008, reinstating an August 12, 1997, order of removal, pursuant to 8 U.S.C. § 1231(a)(5).

Avila argues the order of reinstatement violated his due process rights because (1) he did not have a meaningful opportunity to contest the reinstatement decision; and (2) there was no underlying removal order, or, in the alternative, any underlying removal order was invalid because it was the product of due process violations and constituted an impermissible "negative consequence" of his failure to post a voluntary departure bond. Avila also contends he is eligible to adjust his status under 8 U.S.C. § 1255(i).

After review of the record and the parties' briefs, and having the benefit of oral argument, we dismiss Avila's petition in part and deny in part.

## I. BACKGROUND

On June 27, 1997, the Immigration and Naturalization Service (INS) of Arlington, Virginia, served a man claiming to be Roman Moreno-Tapia with a notice to appear, charging him with removability for being an alien in the United States without having been admitted or paroled, in violation of 8 U.S.C. § 1182(a)(6)(A)(i). On August 12, 1997, the Immigration Judge issued an order granting Avila voluntary departure "under INS safeguards . . . upon posting a bond

in the amount of $1,500 by 18 August 97 with an alternate order of removal to Mexico." Avila declined to pay the voluntary departure bond and was transported to Mexico on September 22, 1997.

Avila subsequently reentered the United States and married his wife on March 28, 2001. She applied on his behalf for adjustment of status that year. The application was denied but, as of February 5, 2008, had not yet been made final. On February 5, 2008, Avila was approached by Bureau of Immigration and Customs Enforcement (BICE) agents at his home. He admitted in a sworn statement he previously used the name Roman Moreno-Tapia and last entered the United States in November 2000. He also admitted he had been removed in 1997 and had not subsequently applied for permission to reenter the country.

On March 6, 2008, the Government filed a "Notice of Intent/Decision to Reinstate Prior Order." The notice stated that Avila was subject to an order of removal entered on August 12, 1997, that he was removed pursuant to that order on September 22, 1997, and that he illegally reentered the United States in November of 2000. On the same date, DHS issued an order reinstating his prior order of removal. The instant petition for review followed.

## II. JURISDICTION

We review *de novo* our own subject matter jurisdiction. *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1231 (11th Cir. 2007).

3

We instructed the parties to brief the following three jurisdictional questions: (1) whether the order of reinstatement is a "final order of removal" subject to judicial review; (2) whether this Court has jurisdiction over Avila's petition for review, given the underlying removal proceedings occurred in Arlington, Virginia, but the order of reinstatement was issued in Miami, Florida; and (3) whether this Court has jurisdiction to review the underlying removal order. Although neither party disputes this Court's jurisdiction under the first two issues, we review the jurisdictional questions for the first time in this Court. With respect to the third issue, the Government argues we lack jurisdiction to review the August 12, 1997, removal order.

*1. Order of Reinstatement*

We have jurisdiction to review "final order[s] of removal" under the Immigration and Nationality Act. 8 U.S.C. § 1252(a)(1). Section 241(a)(5) of the INA governs the reinstatement of removal orders, and states "the prior order of removal . . . is not subject to being reopened or reviewed" and the individual subject to the order "is not eligible and may not apply for any relief under this chapter." 8 U.S.C. § 1231(a)(5). This statute does not provide for administrative review, so a petitioner subject to a reinstatement order has nothing left to appeal. *See id*. Both parties contend § 1252(a)(1) authorizes review of the reinstatement

4

order, and we agree. An order of reinstatement is a final order of removal under § 1252(a)(1).

## 2. *Jurisdiction over Avila's Petition for Review*

Every circuit to discuss whether § 1252(b)(2) circumscribes subject matter jurisdiction has concluded § 1252(b)(2) is a nonjurisdictional venue provision. *See Moreno-Bravo v. Gonzales*, 463 F.3d 253, 262 (2d Cir. 2006); *Georcely v. Ashcroft*, 375 F.3d 45, 49 (1st Cir. 2004); *Nwaokolo v. I.N.S.*, 314 F.3d 303, 306 n.2 (7th Cir. 2002) (per curiam); *cf. Jama v. Gonzales*, 431 F.3d 230, 233 (5th Cir. 2005) (per curiam) (refusing to raise the nonjurisdictional venue issue *sua sponte*); *Bonhometre v. Gonzales*, 414 F.3d 442, 446 n.5 (3d Cir. 2005) (noting "it would be a manifest injustice" to transfer the case to another court). Additionally, both parties agree venue is proper in this Court because the order of reinstatement was issued in Miami, Florida. We have never addressed whether § 1252(b)(2) merely defines venue or whether it circumscribes subject matter jurisdiction. On this issue of first impression, we join those circuits that have concluded § 1252(b)(2) is a nonjurisdictional venue provision.

Section 1252(b)(2), which is entitled "Venue and forms," provides as follows:

> The petition for review shall be filed with the court of appeals for the
> judicial circuit in which the immigration judge completed the

5

proceedings. The record and briefs do not have to be printed. The court of appeals shall review the proceeding on a typewritten record and on typewritten briefs.

8 U.S.C. § 1252(b)(2). First, § 1252(b)(2) does not refer to "jurisdiction" or "judicial review." *See Moreno-Bravo*, 463 F.3d at 259 ("In view of the extraordinary attention Congress directed toward federal jurisdiction over petitions for review in § 1252, . . . it is hard for us to believe that the legislature would then neglect to express a similarly clear intent—or any intent at all—to circumscribe jurisdiction . . . ."). Second, as noted by the Second Circuit, the underlying purpose and background of the REAL ID Act supports the conclusion that § 1252(b)(2) is not a jurisdictional statute. *See id.* (discussing the REAL ID Act amendments to § 1252 and concluding "it should be plain beyond any doubt that § 1252(b)(2), which was left untouched by those amendments, does not concern jurisdiction"). Finally, although the title of a statute cannot trump its clear terms, § 1252(b)(2) is entitled "Venue and forms," further supporting the conclusion this is not a jurisdictional provision. *See id.* at 260.

In accordance with the language of the statute and sister circuit authority, we conclude § 1252(b)(2) is a nonjurisdictional venue provision. Further, the Government concedes venue is proper in this Court because the order of reinstatement was issued in Miami, Florida. Accordingly, we have jurisdiction to

6

review Avila's order of reinstatement under § 1252(a)(1), and venue is proper in this Court under § 1252(b)(2).

*3. Underlying Removal Order*

This Court has jurisdiction to review a final order of removal only if the alien has first exhausted his administrative remedies, 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006), and has timely filed a petition for review in this Court, 8 U.S.C. § 1252(b)(1); *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005). Although we have recognized "some due process claims do not require exhaustion . . . we have never specifically determined which due process claims require exhaustion." *Amaya-Artunduaga*, 463 F.3d at 1251 (internal citations and quotation marks omitted). Procedural due process claims, however, "must be raised before the BIA." *Id*.

On petition for review, Avila raises procedural due process claims and alleges no "negative consequences" could attach to his failure to post the voluntary departure bond. Avila failed to challenge his underlying removal proceedings before the BIA or this Court. Because Avila failed to exhaust his administrative remedies or seek timely review of his 1997 deportation order, we lack jurisdiction to review the underlying validity of that order. We therefore do not address petitioner's argument that the underlying removal order was the product of due

7

process violations or that it constituted an impermissible "negative consequence" of his failure to post a voluntary departure bond.

## III. DUE PROCESS

We review *de novo* constitutional due process claims. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006). "In order to establish a due process violation, an alien must show that he or she was deprived of liberty without due process of law, and that the asserted error caused him substantial prejudice." *Garcia v. U.S. Att'y Gen.*, 329 F.3d 1217, 1222 (11th Cir. 2003) (internal citation omitted). To show substantial prejudice, the petitioner must show the alleged due process violation would have affected the outcome of the case. *See*, *e.g.*, *Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1263 (11th Cir. 2003) ("It is clear that there was no such prejudice because it is undisputed that at the time of those proceedings Patel was removable as an alien convicted of an aggravated felony and the result of those proceedings would have been the same in the absence of the alleged procedural deficiencies.").

In establishing whether a prior removal order may be reinstated under the regulations implementing § 1231(a)(5), an immigration officer must determine whether (1) the alien has been subject to a prior order of removal, (2) the alien is in

8

fact the same alien who was previously removed, and (3) the alien unlawfully reentered the United States. 8 C.F.R. § 241.8(a)(1)-(3).

In *De Sandoval v. U.S. Att'y Gen.*, 440 F.3d 1276, 1285 (11th Cir. 2006), we rejected the petitioner's argument that § 241.8 denied her due process because it did "not provide her the right to a neutral judge, to appeal BICE's decision to the BIA, to be represented by counsel, to develop a record, or to receive adequate notice of BICE's intended actions." We reasoned, because the petitioner had admitted the three elements necessary to establish her removal under § 241.8(a), she could not show how the requested process would have affected the outcome in her case. *Id*.

Although Avila contends there was no underlying removal order, he admitted in sworn testimony and in his brief that he was subject to a prior removal order in 1997. In this respect, § 1231(a)(5) includes voluntary departure orders as well as removal orders, as it authorizes reinstatement when the alien has previously been removed or when he has voluntarily departed under an order of removal. 8 U.S.C. § 1231(a)(5). Because Avila was subject to a prior removal order, the first element of § 241.8(a) is satisfied. Avila does not dispute the second or third element under § 241.8(a) and has therefore abandoned these issues. *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1006 n.3 (11th Cir. 2008). These

elements, however, are also met. With respect to the second element, there is no dispute Avila was the subject of the 1997 removal order, as he admitted in a sworn statement to using the name of Roman Moreno-Tapia, the name on the prior removal order. With respect to the third element, there is also no dispute he unlawfully reentered the United States, as he admitted in a sworn statement he failed to obtain permission to reenter the country. Because the three elements of § 241.8 are satisfied, Avila cannot show substantial prejudice from his alleged inability to contest the reinstatement decision. Accordingly, the order of reinstatement did not violate Avila's due process rights.

## IV. RELIEF UNDER 8 U.S.C. § 1255(i)

Certain aliens physically present in the United States may apply to the Attorney General for adjustment of status to that of an alien lawfully admitted for permanent residence. 8 U.S.C. § 1255(i)(1). We held in *De Sandoval* that "§ 1231(a)(5) bars illegal reentrants from seeking an adjustment of status under § 1255(i)." 440 F.3d at 1285. Accordingly, Avila's argument is without merit.

## V. CONCLUSION

For the reasons stated above, Avila has not shown any due process violation with respect to the order of reinstatement, and we lack jurisdiction to review the

10

validity of the underlying removal order.  We also conclude Avila is not entitled to relief under § 1255(i).

**PETITION DISMISSED IN PART, DENIED IN PART.**