[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12963
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 10, 2011
JOHN LEY
CLERK

Agency No. A094-809-903


ROSENDO BENITO RANGEL-PEREZ,

Petitioner,


versus


U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 10, 2011)

Before HULL, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Rosendo Rangel-Perez seeks review of the order of the Board of Immigration Appeals ("BIA") denying his motion to reconsider the BIA's earlier order affirming the Immigration Judge's ("IJ") denial of cancellation of removal. On appeal, Rangel-Perez's brief challenges only the merits of the IJ's decision denying him cancellation of removal and voluntary departure. Rangel-Perez's brief does not address the BIA's denial of his motion to reconsider.[1]

We lack jurisdiction to review the underlying merits of the denial of cancellation of removal. Rangel-Perez's June 29, 2010 petition for review was not filed within thirty days of the entry of the BIA's July 22, 2009 order affirming the denial of cancellation of removal. See Immigration and Nationality Act ("INA") § 242(b)(1), 8 U.S.C. § 1252(b)(1); Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (explaining that the period for filing a petition for review "is mandatory and jurisdictional, [and] it is not subject to equitable tolling" (quotation marks omitted)); Jaggernauth v. U.S. Att'y Gen., 432 F.3d 1346, 1350-51 (11th Cir. 2005) (explaining that the filing of a motion for reconsideration does not affect the finality of a removal order and that the order resolving the motion

---

[1]"We review de novo our own subject matter jurisdiction." Avila v. U.S. Att'y Gen., 560 F.3d 1281, 1283 (11th Cir. 2009). "We review the BIA's denial of a motion to reconsider for abuse of discretion." Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007) (quotation marks omitted).

for reconsideration is a separately appealable final order).[2]  Accordingly, the petition is dismissed to the extent Rangel-Perez seeks review of the BIA's July 22, 2009 order.

Rangel-Perez's June 29, 2010 petition for review is timely as to the BIA's June 1, 2010 denial of his motion for reconsideration.  However, Rangel-Perez's brief does not offer any argument as to why the BIA abused its discretion in denying this particular motion.  For this reason, Rangel-Perez has abandoned any argument regarding the BIA's denial of his motion for reconsideration.  See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").  Therefore, the petition is denied as to the BIA's June 1, 2010 denial of Rangel-Perez's motion for reconsideration.

**PETITION DISMISSED IN PART, DENIED IN PART.**

---

[2]In fact, in August 2009, Rangel-Perez timely filed a petition for review of the BIA's July 22, 2009 order.  On September 10, 2010, a panel of this Court dismissed Rangel-Perez's petition for review, concluding that Rangel-Perez, although couching his argument in due process terms, had effectively presented an abuse-of-discretion argument regarding the discretionary decision to deny cancellation of removal, a claim this Court does not have jurisdiction to review.  See Rangel-Perez v. U.S. Att'y Gen., No. 09-13934 (11th Cir. Sept. 10, 2010) (unpublished).  In both his earlier appeal and this appeal, Rangel-Perez's arguments focus primarily on whether the IJ erred in finding that Rangel-Perez had not made the showing of exceptional and extremely unusual hardship required for cancellation of removal.