[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2011
JOHN LEY
CLERK

No. 10-12412
Non-Argument Calendar

_____

Agency Nos. A088-264-474, 475, 476


STANISLAV DVORAK,
HANA DVORAKOVA,
MARTIN DVORAK,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 25, 2011)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Stanislav Dvorak, along with his wife, Hana, and son, Martin, as derivative applicants, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying his application for withholding of removal under 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c).[1]

Dvorak argues that the BIA erred in affirming the IJ's denial of withholding of removal because the IJ proceedings were conducted in violation of his due process rights. To this end, Dvorak avers that the IJ applied the wrong "standard of proof." Additionally, he argues that the IJ's findings were tainted by confusion during the immigration proceedings. Finally, he contends that his ability to present evidence was unfairly limited because he had to answer "yes" or "no" to certain questions and had no opportunity to elaborate on his answers.

---

[1] Dvorak concedes that his asylum application was untimely filed and does not appeal the denial of that claim before this Court.

2

"[Where], as here, the BIA issues its own opinion, we review only the decision of the BIA, except to the extent that the BIA expressly adopts the IJ's decision." Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 890 (11th Cir. 2007). When addressing the due process errors that Dvorak raises on appeal, the BIA issued its own opinion. Accordingly, we review only the BIA's decision. Rodriguez Morales, 488 F.3d at 890.

We review de novo due process claims. Avila v. U.S. Att'y Gen., 560 F.3d 1281, 1285 (11th Cir. 2009). The Fifth Amendment entitles an alien in removal proceedings to due process of law. See Reno v. Flores, 507 U.S. 292, 306, 113 S. Ct. 1439, 1449 (1993). To prevail on a due process challenge, however, an alien must show substantial prejudice, i.e., that the outcome would have differed, had the due process violation not occurred. See Patel v. U.S. Att'y Gen., 334 F.3d 1259, 1263 (11th Cir. 2003).

Upon a thorough review of the record and the parties' briefs, we deny Dvorak's petition for review. First, he has abandoned any argument as to the standard of proof applied by the IJ. Although Dvorak states that the BIA failed to consider all the evidence and failed to recognize that the IJ had applied an inappropriate standard of proof on his application for withholding of removal, he mentions these issues in only a single sentence without any analysis or reference

3

to the record. But a reference to an issue without citation to any authority or the record is insufficient to raise the issue on appeal. See Fed. R. App. P. 28(a)(9)(A). Thus, because Dvorak failed to properly brief the arguments, we deem the arguments abandoned. See Lapaix v. U.S. Att'y Gen., 605 F.3d 1138, 1145 (11th Cir. 2010) ("Passing references to issues are insufficient to raise a claim for appeal.").[2]

Second, we cannot agree that the IJ's findings were tainted by confusion. To be sure, Dvorak may be correct that in one instance the translator improperly substituted the term "arrest" in place of "attack," which Dvorak claims impeded his ability to testify regarding his fear of State authorities. However, the record reveals that the IJ soon after asked Dvorak to discuss each incident in some detail, which clarified any confusion the translation error may have caused. Similarly, during that same exchange the translator initially mistranslated the term "testimony" in describing the motivation for the attacks against Dvorak's wife. Here too, however, the IJ took pains to ensure that Dvorak, the translator, and the

---

[2] Similarly, Dvorak did not argue that the BIA erred in affirming the IJ's denial of CAT relief and has abandoned this issue as well. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue [such as CAT relief], that issue is abandoned").

4

immigration court all understood exactly what Dvorak meant. We conclude that, in so doing, the IJ adequately rectified any confusion that arose during this exchange.

Finally, Dvorak was not unfairly limited in his presentation of evidence. To begin, the record belies Dvorak's contention that he was forced to answer only "yes" or "no" to certain questions. Rather, the IJ required Dvorak to respond to a series of question by answering only "yes" or "no," and then permitted him to elaborate on his answers through longer explanations. Nor was this questioning itself improper. To the contrary, the IJ properly acted within the scope of his statutorily prescribed discretion to question individuals appearing before him. See 8 U.S.C. § 1229a(b). Lastly, mistranslations during Dvorak's asylum interview did not limit his ability to present evidence in the later proceedings before the IJ. Indeed, there is no indication that the IJ prevented Dvorak from submitting any evidence whatsoever. To the contrary, it was on account of conflicts between Dvorak's testimony – i.e., evidence that he was permitted to submit – and statements in his earlier asylum interview that led the IJ to conclude Dvorak was "not worthy of credence." Thus, Dvorak has failed to substantiate his claim that he was deprived of an opportunity to present necessary evidence.[3]

---

[3] To the extent mistranslations during Dvorak's asylum interview affected his proceedings at all, the proper challenge would have been to the IJ's adverse credibility determination. However, because Dvorak does not challenge that determination, we may not

For these reasons, Dvorak has failed to demonstrate that the IJ's or BIA's actions deprived him of due process or caused him substantial prejudice. As a result, we must deny his petition. <u>Patel</u>, 334 F.3d at 1263.

**PETITION DENIED.**

---

address this issue in this appeal. <u>See</u> <u>Sepulveda</u>, 401 F.3d at 1228 n.2.