[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12714
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2011
JOHN LEY
CLERK

Agency No. A097-625-373

JORGE ALBERTO PINZON PULIDO,
MARIA FERNANDA PALAU ECHEVERRY,

                                                      Petitioners,

versus

U.S. ATTORNEY GENERAL,
SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY,

                                                      Respondents.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 23, 2011)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jorge Alberto Pinzon Pulido petitions for review of the BIA's final order

affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. First, he argues that the IJ incorrectly concluded that he was not a member of a "particular social group." Second, he argues that his right to due process was violated by a delay of nearly six years between the date he filed his application for asylum and the date of his asylum hearing.

I.

To establish asylum eligibility, an alien must show (1) past persecution or (2) a "well-founded fear" of future persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A); *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230–31 (11th Cir. 2005) (per curiam). To qualify for withholding of removal, an alien must show that if returned to his country, his life or freedom would be threatened because of his "race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). Because the evidentiary standard for withholding of removal is higher than the "well-founded fear" standard for asylum, an applicant who does not meet the latter generally fails the former. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1292–93 (11th Cir. 2001).

Pinzon argues that he is eligible for asylum or withholding of removal

because, as a volitional informant, he is a member of a particular social group. In assessing whether the alien's alleged group constitutes a particular social group, we consider the group's immutability and social visibility. *Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1194, 1196–97 (11th Cir. 2006).

In *Castillo-Arias*, we upheld as reasonable the BIA's determination that "noncriminal informants working against the Cali drug cartel" do not constitute a particular social group within the meaning of the Immigration and Nationality Act ("INA"). *Id.* at 1191. We upheld the BIA's reasoning that while activity as an informant is immutable to the extent that it is a historical fact, "the social visibility of informants is different in kind from the particular social groups that have been afforded protection under the INA" because "the very nature of the activity prevents them from being recognized by society at large." *Id.* at 1197.

Pinzon, like the appellant in *Castillo-Arias*, was a noncriminal informant who worked against a Colombian drug cartel. He attempts to distinguish *Castillo-Arias* because he was paid for his work and was an informant for several years. But it is irrelevant that Pinzon was paid because "those who engage in risks similar to those of the police or military, *regardless of motive*, do not receive protection as a particular social group under the INA." *Id.* at 1198 (emphasis added). The BIA did not err when it found that "noncriminal informants" do not

3

constitute a particular social group.[1]  Accordingly, we deny Pinzon's petition as to this claim.

## II.

We review constitutional due process challenges *de novo*.  *Avila v. U.S. Att'y Gen.*, 560 F.3d 1281, 1285 (11th Cir. 2009) (per curiam).  To establish a due process violation, Pinzon must show deprivation of a liberty interest without due process of law.  *Id.*  He must also show that the deprivation substantially prejudiced him by affecting the outcome of the proceedings.  *Id.*  It is well-established that an alien has a due process right to a full and fair deportation hearing.  *See Ibrahim v. U.S. I.N.S.*, 821 F.2d 1547, 1550 (11th Cir. 1987).  As a threshold matter, Pinzon's due process claim has no merit because the government is not statutorily (or otherwise) required to process asylum applications within a specific time frame.  Moreover, Pinzon does not offer examples of testimony or evidence that he was unable to obtain because of the delay in his case.  And Pinzon never requested an earlier hearing date—instead, he requested more time to prepare his case, which the IJ allowed.  Accordingly, we deny Pinzon's petition as

---

[1]  The Government argues that Pinzon has abandoned any challenge to the BIA's determination that Pinzon did not demonstrate past persecution or a well-founded fear of future persecution because Pinzon did not raise these claims in his initial brief.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (explaining "a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed"). We do not address this argument because Pinzon's claim fails on the merits.

4

to his due process claim.[2]

**PETITION DENIED.**

---

[2] Because Pinzon's wife, Maria Fernanda Palau Echeverry, seeks derivative relief based on Pinzon asylum application, we also affirm the denial of her petition.