[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15972
Non-Argument Calendar
_____

Agency No. A079-101-304

AGIM SHALA,
MEREME SERIJAN ILJAZI SHALA,
ERALDO SHALA,
BLEDI SHALA,
ENDRI SHALA,

Petitioners,

versus

US ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 29, 2013)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Agim Shala ("Agim"), his wife, Mereme Serijan Iljazi Shala, and their children, Eraldo, Bledi, and Endri (collectively, "the Shalas") petition for review of the Board of Immigration Appeals's ("BIA") decision denying their third motion to reopen proceedings in their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). On appeal, the Shalas argue that: (1) the BIA abused its discretion in denying their motion to reopen because they established eligibility for relief and showed changed country conditions; and (2) the BIA violated their due process rights by failing to consider all of the evidence and by failing to give any reason for denying them CAT relief. After thorough review, we deny the petition.

We review the denial of a motion to reopen for abuse of discretion. Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009). Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner. Id. The movant bears a heavy burden because motions to reopen are especially disfavored in removal proceedings. Id. We review due process claims de novo. Avila v. U.S. Att'y Gen., 560 F.3d 1281, 1285 (11th Cir. 2009).

First, we are unpersuaded by the claim that the BIA abused its discretion by denying the motion to reopen. The BIA may deny a motion to reopen on at least three independent grounds: (1) failure to make out a prima facie case for relief; (2) failure to introduce material and previously unavailable evidence; and (3) a

determination that, despite statutory eligibility for relief, the movant is not entitled to a favorable exercise of discretion.  Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009).  Generally, an alien may file only one motion to reopen, and it must "be filed within 90 days of the date of entry of a final administrative order of removal," subject to certain exceptions.  8 U.S.C. § 1229a(c)(7)(A), (c)(7)(C)(i). The time and number limits do not apply if the motion to reopen is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).  A movant attempting to show that evidence is material must demonstrate that the new evidence would likely change the result in the case if the proceedings were reopened.  Jiang, 568 F.3d at 1256-57.

To establish eligibility for asylum, an application must show a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1), 1231(b)(3); see also Jiang, 568 F.3d at 1257.  To establish eligibility for withholding of removal, a petitioner must show that his life would be threatened on account of his race, religion, nationality, membership in a particular social group, or political opinion if returned to his home country.  Delgado v. U.S. Att'y Gen., 487 F.3d 855, 860-61 (11th Cir. 2007).  Private acts of violence, general criminal

activity, and purely personal retribution do not qualify as persecution based on a statutorily protected ground.  See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006); Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004). To qualify for CAT relief, the petitioner must show that it is "more likely than not" that he would be tortured "at the instigation of or with the consent or acquiescence of" government authorities if removed to his home country.  Reyes-Sanchez v. U.S. Att'y Gen., 369 F.3d 1239, 1242 (11th Cir. 2004) (quotations omitted).

In this case, the Shalas had filed two previous motions to reopen, and their current motion to reopen came nearly ten years after the IJ's order of removal became final.  Thus, the Shalas' motion is time-barred and number-barred unless they can show changed country conditions and provide material evidence likely to change the result of their case if proceedings were reopened.  See 8 C.F.R. § 1003.2(c)(3)(ii); Jiang, 568 F.3d at 1256-57.  In its order, the BIA suggested that the Shalas had given some evidence of changed conditions, but had not established prima facie eligibility for asylum, withholding of removal, or CAT relief.

We conclude that the BIA did not abuse its discretion in denying the Shalas' motion to reopen on the ground that the Shalas failed to establish eligibility for asylum or withholding of removal.  As the record shows, the threats against the Shalas were essentially personal disputes, criminal in nature -- Petitioner Agim, who owned a boat, revealed that he fled Albania because his boat sank, two of his

4

sailors died, and their families were threatening him and his family. Thus, the event giving rise to threats -- a boating accident -- was a personal dispute. As for the Shalas' claim that they qualify as refugees as members of a particular social group (a family who was the target of a blood feud), threats and violence related to blood feuds are criminal acts that stem from personal retribution and, therefore, do not constitute persecution, regardless of whether they belong to a particular social group. See Ruiz, 440 F.3d at 1258; Sanchez, 392 F.3d at 438. In short, nothing in the BIA's order shows that it acted arbitrarily or capriciously when it reviewed the evidence and concluded that the Shalas had not established persecution.

The BIA also did not abuse its discretion in denying the Shalas' motion to reopen to the extent that they requested CAT relief. Evidence submitted by the Shalas showed that the Albanian government has criminalized the declaration of blood feuds and killings related to blood feuds. The evidence further demonstrated that the Albanian government provides support to a nongovernmental organization that aims to peacefully resolve blood feuds. Thus, even assuming that the Shalas are likely to face blood-feud related violence if returned to Albania -- and even if the Albanian government is inefficient in quelling blood-feud-related violence -- the Shalas have not shown government instigation, consent, or acquiescence. See Reyes-Sanchez, 369 F.3d at 1242.

We similarly reject the Shalas' claim that the BIA violated their due process rights. It is true that the BIA must consider the issues that a petitioner raises and announce its decision in terms that enable us to review its decision. Ayala v. U.S. Att'y Gen., 605 F.3d 941, 948 (11th Cir. 2010). The BIA need not, however, specifically address each claim or each piece of evidence that a petitioner presents. Id. We will remand for further proceedings if the BIA has failed to give reasoned consideration or make adequate findings. Id.

Here, the Shalas' argument that the BIA failed to consider all of the evidence in the record, resulting in a denial of due process, is without merit. The BIA cited to and summarized the exhibits that the Shalas attached in support of their motion. The BIA gave sufficient explanation for us to review its decision because it (1) found that the Shalas were not eligible for CAT relief, (2) found that they had not shown that the Albanian government was unwilling or unable to protect them, and (3) specifically referenced evidence to support those findings. Under the circumstances, the Shalas have not shown that they were deprived of liberty without due process of law because the BIA gave reasoned consideration to each of the Shalas' claims. See id.; Avila, 560 F.3d at 1285.[1]

---

[1] In addition, the Shalas mention, in passing, religion and poor legal representation, but do not offer argument on these issues and do not meaningfully discuss them; thus, these issues are abandoned. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding that when an appellant fails to offer argument on an issue, that issue is abandoned); Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (stating that passing references to issues are insufficient to raise a claim for appeal).

**PETITION DENIED.**

7