**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1225**

REYNALDO GALICIA-VARGAS,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General; JEH JOHNSON,
Secretary of the Department of Homeland Security,

        Respondents.

On Petition for Review of an Order of the Department of Homeland
Security.

Submitted:  November 20, 2014      Decided:  December 2, 2014

Before NIEMEYER, AGEE, and KEENAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Jaime Jasso, LAW OFFICES OF JAIME JASSO, Westlake Village,
California, for Petitioner.  Joyce R. Branda, Acting Assistant
Attorney General, Stephen J. Flynn, Assistant Director, Kathryn
M. McKinney, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reynaldo Galicia-Vargas, a native and citizen of Mexico, petitions for review of an order of the immigration judge ("IJ") finding that Galicia-Vargas did not establish a reasonable possibility that he will be persecuted on account of his race, religion, nationality, membership in a particular social group, or his political opinion, or that he has a reasonable possibility of being tortured in the country of removal. The IJ returned the case to the Department of Homeland Security ("DHS") for removal. We deny the petition for review.

Galicia-Vargas was removed under an order of removal on or about August 18, 1998. He was subsequently found in Henrico, Virginia, admitted that he was in the country illegally, and was detained by authorities with the DHS. Under 8 U.S.C. § 1231(a)(5) (2012), if an alien illegally reenters the United States after being removed under an order of removal, the prior order of removal is reinstated by the Attorney General "and is not subject to being reopened or reviewed, [and] the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after reentry." Prior to reinstating the order of removal, the asylum officer must determine that: (1) the alien has been subjected to a prior order of removal; (2) the alien before the officer is indeed the alien who was removed

2

under the prior order of removal; and (3) the alien unlawfully reentered the United States. 8 C.F.R. § 241.8(a) (2014). If the alien expresses a fear of returning to the home country, an asylum officer may make a reasonable fear determination. See 8 C.F.R. §§ 208.31(a), 1208.31(a) (2014). The asylum officer's negative determination may be reviewed by the IJ. See 8 C.F.R. §§ 208.31(g), 1208.31(g). If the IJ concurs with the asylum officer's conclusion, the case is returned to the DHS for removal of the alien. "No appeal shall lie from the immigration judge's decision." 8 C.F.R. § 208.31(g)(1). We have jurisdiction to review the reinstated removal order. Velasquez-Gabriel v. Crocetti, 263 F.3d 102, 105 (4th Cir. 2001); see also Garcia v. Holder, 756 F.3d 885, 890 (5th Cir. 2014).

Galicia-Vargas does not challenge the finding that he did not establish a reasonable possibility that he will be persecuted on account of a protected ground or tortured or that he was subject to removal. Accordingly, these issues are waived. See Suarez-Valenzuela v. Holder, 714 F.3d 241, 248-49 (4th Cir. 2013). Galicia-Vargas does raise a challenge to the underlying order of removal. The prior order of removal "is not subject to being reopened or reviewed." 8 U.S.C. § 1231(a)(5). He contends that under 8 U.S.C. § 1252(a)(2)(D) (2012), he is entitled to raise constitutional claims or questions of law. Because Galicia-Vargas' petition for review is not timely as to

3

the underlying order of removal, we do not have jurisdiction to review the order. See Verde-Rodriquez v. Att'y Gen., 734 F.3d 198, 202-03 (3d Cir. 2013); Cordova-Soto v. Holder, 659 F.3d 1029, 1032 (10th Cir. 2011); Avila v. Att'y Gen., 560 F.3d 1281, 1285 (11th Cir. 2009).

Galicia-Vargas also contends that he should have been allowed to apply for asylum. We find this contention to be without merit. See Fernandez-Vargas v. Gonzales, 548 U.S. 30, 34-35 & n.4 (2006); Rodriguez v. Att'y Gen., 735 F.3d 1302, 1305 (11th Cir. 2013); Herrera-Molina v. Holder, 597 F.3d 128, 139 (2d Cir. 2010).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

4