[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12683
Non-Argument Calendar
_____

Agency No. A042-257-373

RALPH HUTCHINSON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 13, 2015)

Before TJOFLAT, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Ralph Hutchinson, a native and citizen of Jamaica, seeks review of the Board of Immigration Appeals' (BIA) order affirming the Immigration Judge's (IJ) order of removal and denial of asylum and deferral of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman, and Degrading Treatment or Punishment.  Hutchinson makes three arguments on appeal.  First he argues that he sufficiently established that he would likely face torture if returned to Jamaica.  Second he argues that the BIA erred in failing to address his claim that he was deprived of due process when the IJ denied his motion to continue the hearing so he could obtain counsel.  Third he argues that the BIA did not articulate its decision on his claim that the IJ was biased in terms sufficient to allow for appellate review.  After careful review, we affirm.

## I.

Hutchinson first argues that the torture he experienced in Jamaica was too extreme to be characterized as "harassment," so the record does not support the BIA's conclusion that he was merely harassed.  We lack jurisdiction to review that decision.  We review *de novo* whether we have jurisdiction over a petition.  *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1373 (11th Cir. 2006).  We do not have jurisdiction to review any final order of removal against an alien who is removable because he committed an aggravated felony pursuant to the Immigration and Nationality Act (INA) § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii).  INA

§ 242(a)(2)(C); 8 U.S.C. § 1252(a)(2)(C).  When this bar to judicial review is implicated, our review is limited.   In these cases, the only facts we may review are whether the petitioner is (1) an alien (2) who is removable (3) based on having committed a disqualifying offense.  *Camacho-Salinas v. U.S. Att'y Gen.*, 460 F.3d 1343, 1346 (11th Cir. 2006) (*per curiam*).  We also retain jurisdiction to review constitutional claims or questions of law.  *See* INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); *Camacho-Salinas*, 460 F.3d at 1346–47.   Hutchinson was removed based on an aggravated felony conviction pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. 1227(a)(2)(A)(iii).  Because he does not raise a constitutional claim or question of law, the first claim in his petition is dismissed.

## II.

Hutchinson next argues that the BIA erred in not addressing his claim that the IJ violated his right to due process by denying his third request for a continuance to give him more time to hire an attorney.  We review an IJ's denial of a motion to continue for abuse of discretion.  *See Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1362 (11th Cir. 2006).  We generally have no power to make *de novo* inquiries into matters entrusted to administrative agencies.  *Gonzales v. Thomas*, 547 U.S. 183, 186, 126 S. Ct. 1613, 1615 (2006) (*per curiam*).  Instead, when an agency has not addressed the "particular issue that a petitioner put before it," the proper course is to remand to the agency for additional investigation or

3

explanation.  *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th Cir. 2007).

However, we may review these kinds of claims without remand in the "rare

circumstances" in which they turn on a pure question of law.  *See id.* at 1330.   As

for Hutchinson's underlying claim, we review constitutional due process claims *de*

*novo*.  *Avila v. U.S. Att'y Gen.*, 560 F.3d 1281, 1285 (11th Cir. 2009) (*per curiam*).

Though there is no Sixth Amendment right to counsel in removal proceedings,

aliens enjoy the right to effective assistance of counsel pursuant to the Due Process

Clause of the Fifth Amendment.  *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146

(11th Cir. 1999).

Hutchinson argues that the IJ denied him a fair and impartial hearing by

denying his third request for a continuance to enable him to hire an attorney.

Because the BIA did not address this claim, we could remand for further

adjudication.  However, Hutchinson does not dispute any facts relating to this

claim and the issue here is one of pure law, so we can address it.

The record does not show that Hutchinson was deprived of his Fifth

Amendment right to effective assistance of counsel.  Rather, the IJ gave

Hutchinson several chances to get a lawyer.  First, the IJ continued Hutchinson's

March 20, 2013, hearing specifically to allow Hutchinson's brother to hire him an

attorney, as Hutchinson had requested.  When granting this continuance, the IJ said

that he could not appoint Hutchinson a lawyer and warned that he would address

4

the government's allegations at the next hearing even if Hutchinson had not hired a lawyer. Even so, when Hutchinson appeared without counsel at the next hearing four months later, the IJ granted a second continuance to give him more time to hire a lawyer. The IJ again warned that he would address the government's allegations at the next hearing even if Hutchinson had not then hired a lawyer.

At the next hearing on September 16, 2013, Hutchinson still had no lawyer and requested a third continuance. Asked whether a continuance was warranted, the government proposed that the IJ at least resolve the allegations regarding removal and leave any other issues for a later date so that Hutchinson would still have time to hire a lawyer as to those. The IJ denied Hutchinson's continuance request and found him removable based on a 2012 conviction for attempted first-degree murder in Florida, as authorized by INA § 237(a)(2)(A)(iii), 8 U.S.C. 1227(a)(2)(A)(iii). No other issue was resolved at this hearing, and the IJ gave Hutchinson sixty additional days to file an asylum application. Hutchinson again appeared without counsel at the next hearing on January 21, 2014. This time, he requested no continuance.

In light of this series of allowances and warnings, we find that that the IJ afforded Hutchinson sufficient due process. His petition is denied as to this claim.

III.

Finally, Hutchinson challenges the BIA's denial of his claim that the IJ was not impartial.  He argues that the BIA's opinion was not expressed in terms sufficient to allow this court to review whether the BIA gave reasoned consideration to the question of whether the IJ acted impartially in questioning Hutchinson extensively in contrast to the brief questioning of the government.

When the BIA upholds an IJ's findings, we review the BIA and IJ's conclusions of law *de novo* and findings of fact for substantial evidence. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009).  The BIA must give "reasoned consideration" to a petition for relief from removal.  *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1232 (11th Cir. 2013) (*per curiam*).  Specifically, the BIA must consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it heard and thought, rather than merely reacting.  *Id.*

The BIA expressed its denial of Hutchinson's bias claim in terms sufficient to allow appellate review.  In denying Hutchinson's claim, the BIA cited the broad authority of an IJ to regulate the course of a removal proceeding and to interrogate, examine, and cross-examine the alien who faces removal.  *See* INA § 240(b)(1); 8 U.S.C. § 1229a(b)(1) ("The immigration judge shall administer oaths, receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses.").  To the extent Hutchinson argues that the BIA's decision was simply

6

incorrect, the record supports the BIA's conclusions.  The IJ was authorized by statute to examine Hutchinson during the hearing, and the IJ's questions reflect no bias, but rather a desire to elicit information about Hutchinson's claims. Hutchinson's petition is denied as to this claim as well.

**PETITION DISMISSED IN PART, DENIED IN PART.**