[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13513
Non-Argument Calendar

_____

D.C. Docket No. 4:17-cv-00220-CDL-MSH


CAMILO TOLEDO GARCIA,
In his individual capacity,

                                                       Petitioner-Appellant,


versus


WARDEN, STEWART DETENTION CENTER,
In their official capacity,
ICE IMMIGRATION AND CUSTOMS ENFORCEMENT,
In their official capacity,
ACTING SECRETARY, DEPARTMENT OF HOMELAND SECURITY,
In their official capacity,

                                                       Respondents-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 17, 2019)

Before WILSON, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Camilo Toledo Garcia appeals the District Court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction. After careful review, we affirm.

Garcia, a native and citizen of Mexico, attempted to enter the United States unlawfully in 2000. Immigration authorities apprehended him and ordered his expedited removal. See 8 U.S.C. § 1182(a)(7)(A)(i)(I) (providing that immigrants without valid entry documents are inadmissible); id. § 1225(b)(1)(A)(i) (allowing removal without a hearing of certain persons who seek admission to the United States without entry documents). He was removed to Mexico the same day authorities encountered him.

Garcia later reentered the United States. North Carolina authorities arrested him for driving while intoxicated in 2017. Upon his release, Immigration and Customs Enforcement (ICE) took him into custody and detained him in Georgia. While in custody, Garcia filed his § 2241 petition raising five claims: (1) that his detention was not authorized by statute; (2) that ICE exceeded its authority by arresting him in North Carolina, more than 100 miles from a border; (3) that he was not subject to mandatory detention; (4) that he qualified for cancellation of removal, a form of immigration relief, and was entitled to press that claim before

2

an Immigration Judge; and (5) that he had a constitutional right to apply for cancellation of removal.

Just days after Garcia filed his habeas petition, ICE removed him pursuant to an order reinstating his 2000 order of removal. The District Court dismissed Garcia's claims related to his detention as moot and dismissed claims related to immigration relief for lack of jurisdiction. Garcia appealed.

We review de novo the district court's ruling that it lacks jurisdiction. Gupta v. McGahey, 709 F.3d 1062, 1064–65 (11th Cir. 2013) (per curiam). We conclude the district court correctly ruled that Garcia's challenges to his detention became moot and that it lacked jurisdiction over Garcia's claims for immigration relief.

A case becomes moot, and thus the court loses jurisdiction, "when [the case] no longer presents a live controversy with respect to which the court can give meaningful relief." Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001) (per curiam) (quotation marks omitted). Garcia's challenges to his detention became moot when he was removed from the United States and released from custody. At that point, there was no detention to challenge, and the court could give no relief with respect to it.

Garcia argues the collateral consequences he faces as a result of his removal mean there is still a live controversy, but the only consequences he raises—a 20-year bar on reentry and possible future criminal prosecution if he returns again—

3

are not consequences of his detention.  The 20-year bar is a consequence of his removal.  See 8 U.S.C. § 1182(a)(9)(A) (barring reentry of persons removed for a second time after a first removal under 8 U.S.C. § 1225(b)(1)).  A future criminal prosecution would be a consequence of Garcia violating the law, not of his prior detention.  Cf. Spencer v. Kemna, 523 U.S. 1, 15, 118 S. Ct. 978, 987 (1998).  Neither of these facts keeps the controversy live.

As for Garcia's claims to immigration relief, the REAL ID Act of 2005 stripped the district court of jurisdiction to hear those claims.  The REAL ID Act limits habeas review of orders of expedited removal to three issues and no others: "whether the petitioner is an alien," "whether the petitioner was ordered removed under" the expedited removal statute, and "whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee . . . , or has been granted asylum."  8 U.S.C. § 1252(e)(2).  In his habeas petition, Garcia said he should have the chance to apply for cancellation of removal, a form of immigration relief.  The statute does not authorize the district court to hear that claim.

Garcia asserts the jurisdiction-stripping provisions of the REAL ID Act amount to an unconstitutional suspension of the writ.  But "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."

4

Alexandre v. U.S. Att'y Gen., 452 F.3d 1204, 1205–06 (11th Cir. 2006) (per curiam) (quoting Swain v. Pressley, 430 U.S. 372, 381, 97 S. Ct. 1224, 1230 (1977)). Garcia had an adequate avenue for review: to file in this court a petition for review of the order reinstating his removal. See Avila v. U.S. Att'y Gen., 560 F.3d 1281, 1284 (11th Cir. 2009) (per curiam) (holding this court has jurisdiction to review legal and constitutional claims related to reinstatement orders). We have jurisdiction to review "constitutional claims or questions of law raised" in a petition for review. 8 U.S.C. § 1252(a)(2)(D). Garcia could have challenged the 2000 order of expedited removal in a petition for review of his reinstatement order. See Avila, 560 F.3d at 1286 (reviewing whether a noncitizen subject to a reinstatement order was subject to a prior order of removal).

Garcia insists that he could not have petitioned for review in this court because immigration authorities did not provide him with the removal orders at issue. We fail to see why that would preclude him from petitioning for review. Garcia could have raised a claim in this court that keeping the removal orders from him denied him procedural due process. We could have entertained such a claim on a petition for review.

Garcia finally argues that the district court could have reviewed his habeas petition under the "arbitrary and capricious" standard from the Administrative Procedures Act, 5 U.S.C. § 706. This argument, too, fails. The "sole and

5

exclusive means for judicial review of an order of removal" is a petition for review.  8 U.S.C. § 1252(a)(5).  Garcia's citation to <u>Judulang v. Holder</u>, 565 U.S. 42, 132 S. Ct. 476 (2011), is inapposite.  That case considered a challenge to a BIA policy, not a final order of removal.  <u>Id.</u> at 45, 132 S. Ct. at 479.

We therefore **AFFIRM** the district court's dismissal of Garcia's § 2241 petition for lack of jurisdiction.