[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10579

Non-Argument Calendar

_____

ISIDRO GINEZ TECPIL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A206-805-244

_____

Before JORDAN, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Isidro Ginez Tecpil petitions for review of the immigration judge's ("IJ's") decision concurring with the asylum officer's negative reasonable fear determination, which was issued within the context of a reinstated order of removal and viewed as a final order of removal from the United States. On appeal, Tecpil argues that the IJ erred by affirming the asylum officer's finding that he had not established a reasonable fear of either future persecution or torture if he was removed to Mexico, as required for withholding of removal or relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), respectively. After thorough review, we deny the petition for review.[1]

Under the Immigration and Nationality Act ("INA"), a noncitizen shall not be removed to a country if his life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). For withholding-of-removal claims,

---

[1] We have jurisdiction to review the IJ's review of the asylum officer's negative reasonable fear determination because it was issued within the context of a reinstated order of removal, which is viewed as a final order of removal. 8 U.S.C. § 1252(a)(1); see Avila v. U.S. Att'y Gen., 560 F.3d 1281, 1284 (11th Cir. 2009) ("An order of reinstatement is a final order of removal under § 1252(a)(1).").

"[t]he alien bears the burden of demonstrating that it is more likely than not [he] will be persecuted or tortured upon being returned to h[is] country." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005) (quotations omitted). The burden of proof is upon the noncitizen to show his eligibility for withholding of removal under the INA. 8 C.F.R. § 208.16(b).

An alien may satisfy his burden of proof for withholding of removal by establishing past persecution on a protected ground. *Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1308 (11th Cir. 2013). We've indicated that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that [m]ere harassment does not amount to persecution." *Sepulveda*, 401 F.3d at 1231 (quotations omitted); *see also Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1174 (11th Cir. 2008) (holding that a minor beating does not constitute persecution); *Zheng v. U.S. Att'y Gen.*, 451 F.3d 1287, 1291 (11th Cir. 2006) (finding that state officials watching and occasionally searching an individual's home constitute "mere harassment"). The noncitizen need not always show that he would be singled out individually for persecution; rather, he may sustain the burden of proof by showing a pattern or practice of persecution of a group similarly situated to him in which he is included or with which he may be identified. 8 C.F.R. § 208.16(b)(2)(i)-(ii).

"To establish eligibility for CAT relief, an applicant must show that it is more likely than not that he will be tortured by, or with the acquiescence of, government officials if returned to the

designated country of removal." *Todorovic v. U.S. Att'y Gen.*, 621 F.3d 1318, 1324 (11th Cir. 2010); *see also* 8 C.F.R. § 1208.16(c)(2). "An alien who: has been ordered removed; has been found under § 1208.16(c)(3) to be entitled to protection under the [CAT]; and is subject to the provisions for mandatory denial of withholding of removal under § 1208.16(d)(2) or (d)(3), shall be granted deferral of removal to the country where he [] is more likely than not to be tortured." 8 C.F.R. § 1208.17(a). Unlike the asylum and withholding-of-removal provisions of the INA, the CAT does not require that the noncitizen prove that he would be tortured because of race, religion, nationality, membership in a particular social group, or political opinion. *Compare* 8 C.F.R. § 1208.16(c)(2) *with* 8 C.F.R. § 1208.16(b).

"In order to establish a due process violation, an alien must show that he [] was deprived of liberty without due process of law, and that the asserted error caused him substantial prejudice." *Garcia v. Att'y Gen. of U.S.*, 329 F.3d 1217, 1222 (11th Cir. 2003) (citation omitted). "To show substantial prejudice, the petitioner must show the alleged due process violation would have affected the outcome of the case." *Avila*, 560 F.3d at 1285.

In this case, the record evidence does not compel an outcome in Tecpil's favor.[2] Rather, the record fully supports the IJ's

---

[2] Under our case law, it is unclear which standard of review to apply to an immigration judge's negative reasonable fear determination. In fact, in a recent case, *Priva v. U.S. Attorney General*, we expressly declined to decide which standard of review applies in this situation. 34 F.4th 946, 957 n.5 (11th

22-10579                Opinion of the Court                5

determination that Tecpil failed to demonstrate a reasonable fear of persecution or torture in Mexico because the agency reasonably determined that Tecpil failed to establish -- through evidence of past persecution -- that he would be harmed in the future on account of a protected ground by gang members, members of the government, or local "delinquents." *See Rodriguez*, 735 F.3d at 1308.  In support of this showing, Tecpil described an incident in Mexico in which a gang stole his cellphone.  However, the record reveals that the theft was motivated by money and was not specifically related to any of the five protected grounds under § 1231(b)(3) -- namely, race, religion, nationality, membership in a particular social group, or political opinion.  8 U.S.C. § 1231(b)(3).

To the extent Tecpil argues that he would face persecution in Mexico based on his political opinion, this argument similarly fails.  Tecpil only provided a single instance in 2005 where he said he was pressured to vote.  However, he added that the pressure he encountered was due to a generic and widespread effort to garner votes in a local election, and not due to his specific political opinion.  Tecpil further admitted that, when an election is held, everyone was pressured to vote if candidates felt as if they were going to lose,

---

Cir.), *petition for cert. filed*, (U.S. Aug. 11, 2022) (No. 22-134). We mentioned two possible standards of review, "the more deferential 'facially legitimate and bona fide reason'" and "the more demanding substantial evidence standard," but ultimately declined to specify which standard of review applies because, even if reviewed for substantial evidence, the record did not "compel an outcome in Priva's favor." *Id*. As we'll explain, we need not decide which standard of review to apply in this case either.

rather than targeting him or other individuals for a specific reason. Thus, Tecpil did not show that he had been singled out for threats based on an unidentified political opinion, and the IJ properly found that this single instance failed to rise to the "extreme concept" of persecution under our precedent. *See Sepulveda*, 401 F.3d at 1231.

Nor does Tecpil's fear of becoming a victim of criminal activity qualify him for withholding of removal because there is no evidence or indication of past persecution that would demonstrate that he will more likely than not be persecuted upon returning to Mexico. *See id.* at 1232. In arguing that he is a member of a protected group who may be subject to a pattern or practice of persecution, he says only that he will be the member of a group who returns to Mexico from the United States and may be perceived as wealthy. 8 C.F.R § 208.16(b)(2)(i)-(ii). Yet Tecpil failed to meet his burden of proof through examples, specific instances, or any other evidence that simply returning from the United States avails people to a pattern or practice of persecution in Mexico. *Id.*

As for Tecpil's claim for CAT relief, he made general comments about the Mexican government failing to control gangs or police failing to respond adequately to calls. However, these statements are insufficient to establish government acquiescence to torture for the purposes of the CAT. *Todorovic*, 621 F.3d at 1324; *see also* 8 C.F.R. §1208.16(c)(2). And Tecpil offered nothing to show that he would more likely than not be tortured by, or with the acquiescence of, the government or police. 8 C.F.R. § 1208.16.

Finally, Tecpil failed to demonstrate that he was deprived of liberty without due process of law, or that the IJ's alleged error in asking too few questions caused him substantial prejudice. *Garcia*, 329 F.3d at 1222.  Tecpil's claim -- that he may have established a basis for a political opinion claim if he had been asked further questions -- is speculative and without merit.  Indeed, Tecpil was represented by counsel before the IJ, and his counsel did not object to the questions or submit documents or evidence that might support a political-opinion claim.  Thus, Tecpil failed to show that the alleged due process violation would have affected the outcome of his case. *Avila*, 560 F.3d at 1285.

In short, because the evidence supports the IJ's determination that Tecpil failed to meet his burden of proof, we deny the petition for review.

**PETITION DENIED.**