[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10784
Non-Argument Calendar
_____

Agency No. A201-424-481

CHARANJIT SINGH,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 24, 2020)

Before MARTIN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Charanjit Singh seeks review of the Board of Immigration Appeals' final order affirming the Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Singh brings three claims. *First*, Singh argues that the IJ and Board erred in finding that his testimony was not credible. *Second*, he argues that the Board erred in affirming the IJ's adverse credibility determination because the IJ did not apply the procedural protections of *Matter of R-K-K-*, 26 I. & N. Dec. 658 (BIA 2015). *Third*, Singh argues that his Fifth Amendment due process rights were violated by the IJ and Board. After a careful review of the record, we deny Singh's petition.

I.

Singh is a native and citizen of India. In November 2018, he left India and traveled to Mexico. From there, Singh crossed into the United States at an unknown location along the southern border—without an immigration visa or valid entry document. He was immediately detained by the Department of Homeland Security, and an asylum officer conducted a credible-fear interview.

A few weeks later, the Department served Singh with a Notice to Appear (NTA). The NTA charged Singh with removability as (1) an immigrant not in possession of valid travel documents and (2) an alien present in the United States without having been admitted or paroled. INA § 212(a)(6)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I); INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). He

2

admitted the allegations and was found to be removable as charged. He also filed applications for asylum, withholding of removal, and CAT relief.

At his August 2019 merits hearing before the IJ, Singh testified that he was a member of the Shiromani Akali Dal Party—a prominent Sikh political organization. He also testified about two encounters he had with members of the Congress Party. The first was a July 2018 attack by five Congress Party members. He claimed they beat him and told him to switch parties. As for the second, Singh testified that in September 2018 he was attacked again—and even sustained spinal injuries. He also stated that he was knocked unconscious and spent 20 days in the hospital, where he got stitches in both his head and arm.

After finding that Singh's testimony was inconsistent, nonresponsive, confusing, and implausible, the IJ made an adverse credibility determination. And because Singh presented little other evidence to support his applications, the IJ denied them. On appeal, the Board determined that the IJ's adverse credibility determination was not clearly erroneous, and dismissed Singh's appeal. Singh then filed this petition for review.

## II.

When the Board issues a decision that does not expressly adopt the IJ's decision, we review only the Board's decision as the final agency judgment. *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005). We will,

3

however, review the IJ's decision to the extent that the Board adopted its reasoning. *Id.*

### III.

Singh argues that the IJ and Board erred in finding that his testimony was not credible. We review credibility determinations under the substantial-evidence standard. *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1230–31 (11th Cir. 2006). The trier of fact must determine credibility; we may not substitute our judgment for theirs. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004). The mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). Indeed, we can reverse the findings of the IJ or Board "only when the record compels a reversal." *Id.*

To qualify for asylum, an applicant has the burden of proving that he meets the statutory definition of a refugee. Specifically, an applicant must show that he was persecuted in the past or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).

The asylum applicant must establish eligibility for asylum by offering "credible, direct, and specific evidence in the record." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005). An applicant's credible testimony alone

may satisfy these factors. *D-Muhumed*, 388 F.3d at 818–19. But an adverse credibility determination can be sufficient to deny an application. *See Chen*, 463 F.3d at 1231. Credibility determinations may be based on the totality of the circumstances, including: (1) the demeanor, candor, and responsiveness of the applicant; (2) the inherent plausibility of the applicant's account; (3) the consistency between the applicant's written and oral statements; (4) the internal consistency of each statement; and (5) the consistency of the applicant's statements with other record evidence, including country reports. INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii).

To make an adverse credibility determination, the IJ or Board must offer specific, cogent reasons. *Chen*, 463 F.3d at 1231. Once the IJ or Board has done so, the "burden then shifts to the alien to show" that the "credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." *Id.* (quotation marks omitted). Even one inconsistency or omission may justify an adverse credibility determination. *Xia v. U.S. Att'y Gen.*, 608 F.3d 1233, 1240 (11th Cir. 2010). Moreover, the IJ and Board may consider inaccuracies and falsehoods in the applicant's evidence regardless of whether they go to the heart of their claim. *Chen*, 463 F.3d at 1233.

Here, the record does not compel reversal of the adverse credibility determination. The Board provided specific, cogent reasons for its finding. *First*,

the Board found that Singh's testimony was not credible because of his inconsistent description of the attacks and omission of salient facts. At his merits hearing, Singh stated that he was cut several times, beaten with a wooden baton, and knocked unconscious during the second attack. Singh further testified that the attack resulted in spinal injuries, a 20-day hospital stay, and 10 to 12 stitches in both his head and arm. But his asylum application and accompanying statement made no mention of that. There, he claimed only that he was "beat[en]" and "injured," and that he was treated at a "private hospital." And in his credible-fear interview, Singh said only that he was "subjected" to "beatings," and that the "hospital refused to admit [him]." When questioned, he attempted to explain these discrepancies as being the result of a "kind of memory loss." But at his credible-fear interview, Singh affirmed that he had no mental or medical conditions or concerns that would affect the interview. The Board found that Singh's explanation therefore "undermine[d] his credibility." Singh does not point to any evidence in the record that compels reversal of that finding. *See id.* (even a tenable explanation for inconsistencies does not compel reversal).

*Second*, the record does not compel reversal of the Board's determination that Singh's testimony was not credible because it was nonresponsive and confusing. As the Board noted, on several occasions during Singh's merits hearing, the IJ and interpreter observed that Singh was mumbling and hard to

6

understand.  The IJ observed that this "only happened when he was being cross-examined" with some of the "tougher questions."  For instance, when initially asked whether he paid a smuggler to leave India, Singh "mumbled" and the interpreter "could not understand a single word he said."  When pressed, Singh admitted that his family paid a "travel agency" about $15,000 for his trip.  On these facts, the record evidence does not compel reversal.

*Third*, the record likewise does not compel reversal of the Board's finding that portions of Singh's testimony were implausible.  At various points, Singh stated that he "jumped the wall" at the United States–Mexico border.  He later suggested that he used a ladder to scale it.  But at the same time, Singh claimed that the second attack left him with spinal injuries that made it "hard for [him] to move [his] neck around."  The Board found Singh's testimony that he scaled the border wall with those spinal injuries implausible and not "adequately reconcile[d]."  To be sure, the IJ and Board cannot rest an adverse credibility determination "solely on speculation and conjecture" rather than evidence.  *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1278 (11th Cir. 2009) (the IJ's conclusion that petitioner's mother "would not 'flagrantly' violate Chinese law to help her daughter flee amounts to little more than speculation").  But when, as here, the IJ and Board rely on relevant and probative evidence in support of the implausibility

7

finding—Singh's own testimony about his spinal injuries—the record evidence does not compel reversal.

Substantial evidence supports denying Singh's asylum application. Given the adverse credibility determination, Singh has not provided credible, direct, and specific evidence in favor of asylum. The only other evidence Singh offered was filed late. The IJ admitted just one of those documents—an affidavit from the chief of Singh's village. But he was not a witness to the attacks, and the affidavit merely regurgitated Singh's own account. Furthermore, because Singh cannot meet his burden for proving asylum eligibility, he is also not able to meet the more stringent standards required for withholding of removal or CAT relief. *See Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 891 (11th Cir. 2007).

IV.

Singh next claims the Board erred by not requiring the IJ apply certain procedural protections under *Matter of R-K-K-*. We review the Board's legal determinations de novo. *D-Muhumed*, 388 F.3d at 817. In *Matter of R-K-K-*, the Board adopted a three-part framework to apply when relying on an application's similarities with other applications to make credibility determinations. 26 I. & N. Dec. at 661. *Matter of R-K-K-* requires: (1) that the applicant be given "meaningful notice of the similarities that are considered to be significant"; (2) that the applicant be given "a reasonable opportunity to explain the similarities";

8

and (3) the IJ should consider the "totality of the circumstances in making a credibility determination." *Id.*

The Board did not err by declining to require that the IJ apply *Matter of R-K-K-*. Here, the IJ did not rely on the similarities when making his adverse credibility determination. He referenced the similarities only in passing, in a footnote. What's more, the similarities were not mentioned in the section of the IJ's opinion where he made the adverse credibility determination. And as discussed above, the IJ and Board offered several cogent, specific reasons for that determination. Namely, Singh's testimony was inconsistent, nonresponsive, confusing, and implausible. Because the IJ did not rely on the similarities to make his adverse credibility determination, *Matter of R-K-K-*'s procedural protections do not apply. Thus, the Board did not err.

V.

Finally, Singh argues that his Fifth Amendment due process rights were violated. We review constitutional due process claims de novo. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006). To establish a due process violation, Singh must show that he "was deprived of liberty without due process of law, and that the error caused him substantial prejudice." *Garcia v. Att'y Gen. of U.S.*, 329 F.3d 1217, 1222 (11th Cir. 2003) (citation omitted). To demonstrate substantial prejudice, Singh must "show the alleged due process violation would have affected

the outcome of the case." *Avila v. U.S. Att'y Gen.*, 560 F.3d 1281, 1285 (11th Cir. 2009). If the "result of [the] proceedings would have been the same" absent the procedural violation, there is no substantial prejudice. *Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1263 (11th Cir. 2003).

As an initial matter, the government argues that Singh failed to exhaust his due process claim because he did not articulate one in his brief to the Board. We disagree. To exhaust a claim, Singh need only have raised the "core issue" below. *See Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1228 n.3 (11th Cir. 2008). And while Singh did not explicitly argue to the Board that the IJ violated his due process rights, he did contend that the IJ's credibility determination was based on "improper prejudgment" of his case and did not "fairly and impartially assess" his credibility. Hence, Singh raised the core issue below, and we may evaluate the merits of his claim.

Singh makes two due process arguments. *First*, Singh argues that the IJ "prejudged his claim based on perceived similarities" between his application and applications from other proceedings. But, again, there is no indication that the IJ relied on the perceived similarities in determining Singh's credibility. So Singh cannot have been substantially prejudiced by it.

*Second*, Singh argues that the IJ was "not acting as a neutral arbiter" because he disallowed late-filed evidence but selectively admitted one such piece of

10

evidence—the letter from the chief of Singh's village.  But Singh "does not have a constitutionally protected liberty interest in the admission of evidence after the court-ordered deadline." *Tang*, 578 F.3d at 1276.  And the IJ's "decision to exclude evidence offered for submission after a court-ordered filing deadline is discretionary." *Id.*  In any event, there is no indication that it would have "affected the outcome of the case." *Avila*, 560 F.3d at 1285.  Accordingly, Singh's due process rights were not violated.

## VI.

After a careful review of the record, we **DENY** Singh's petition.