[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-13886

Non-Argument Calendar

_____

CESAR JEAN RENAUD,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A209-385-888

_____

Before JILL PRYOR, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Cesar Renaud, proceeding *pro se* before this Court, seeks review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider its summary dismissal of his appeal or reopen his removal proceedings. After careful review, we dismiss in part and deny in part Renaud's petition.

I.

Renaud, a native and citizen of Haiti, entered the United States without documentation in 2016. He was immediately issued a notice to appear, charging him with being removable as an immigrant who, at the time of application for admission, was not in possession of a valid entry document. *See* 8 U.S.C. § 1182(a)(7)(A)(i)(I). Renaud, through counsel, conceded removability and sought asylum, withholding of removal, and protection under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT").

In his application and during a hearing before an immigration judge ("IJ"), Renaud asserted that, while living in Haiti in 2005, he worked for a political campaign by providing would-be voters with money for transportation to polling places. He asserted that because of that activity he was brutally attacked by members of an opposition party. Thereafter, he fled to the Dominican Republic and, eventually, the United States.

The IJ denied Renaud's application for asylum, withholding of removal, and CAT relief. The IJ found that Renaud was not credible, citing multiple internal inconsistencies in Renaud's statements, significant discrepancies between Renaud's and his spouse's hearing testimony, and the lack of corroborating evidence of Renaud's political work or injuries. Given that Renaud was not credible, the IJ concluded that he had failed to sustain his burden of proof to show past persecution or a well-founded fear of future persecution and thus was ineligible for asylum. The IJ further concluded that Renaud could not meet his higher burden of showing eligibility for withholding of removal and had not provided any evidence that he would be tortured at the hands or acquiescence of the Haitian government such that he would be entitled to CAT relief.

New counsel filed a notice of appearance to represent Renaud in an appeal before the BIA and filed a notice of appeal of the IJ's decision. In the counseled notice of appeal, Renaud stated that the IJ erred in denying him asylum based on past persecution or a well-founded fear of future persecution. He asserted that his testimony was credible. Also in the notice of appeal, Renaud indicated by checking a "Yes" box that he intended to file a written brief or statement. Below the box the notice stated:

> **WARNING**: . . . If you mark "Yes[,]" . . . you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do

4                    Opinion of the Court                21-13886

>not file a brief or statement within the time set in the
>briefing schedule.

AR at 34.[1] The BIA issued a briefing schedule, but Renaud did not
file a brief, and the government moved for summary affirmance.
The BIA summarily dismissed Renaud's appeal, citing Renaud's
failure to file a brief. Renaud did not file a timely petition for review
of the summary dismissal.

Renaud again retained new counsel, who filed with the BIA
a one-page motion for reconsideration and to reopen removal pro-
ceedings. In the motion, Renaud stated that he paid his previous
counsel for a brief and "was being told the brief was done," despite
that it was not in fact done. *Id.* at 5. Renaud stated that he had since
"requested clarification" from his former counsel, who incorrectly
"thought the fee was not paid." *Id.* Renaud requested time to sub-
mit a brief to the BIA. In an affidavit attached to the motion, Re-
naud stated that upon receiving notice of the BIA's dismissal of his
appeal, he "spoke with [counsel's] office and found out [the brief]
had not been submitted." *Id.* at 7. He also stated that his new coun-
sel had spoken with his previous attorney.

The BIA denied Renaud's motions. The BIA concluded that
although Renaud was raising a claim of ineffective assistance of
counsel based on counsel's failure to file a brief, he had failed to

---

[1] "AR" refers to the Administrative Record.

comply with *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), which set forth procedural requirements for asserting such a claim.

Renaud, now *pro se*, has petitioned this Court for review.

## II.

We review the BIA's denial of a motion to reopen removal proceedings and denial of a motion for reconsideration for an abuse of discretion. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009) (motion to reopen); *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003) (motion for reconsideration). "The BIA abuses its discretion when it misapplies the law in reaching its decision," or when it fails to follow its own precedents "without providing a reasoned explanation for doing so." *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013).

We review our subject matter jurisdiction *de novo*. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). We lack jurisdiction to consider a claim raised in a petition for review "unless the petitioner has exhausted his administrative remedies with respect thereto." *Id.* A petitioner fails to exhaust his administrative remedies with respect to a particular claim when he does not raise that claim before the BIA. *Id.*

We construe *pro se* briefs liberally. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

6                    Opinion of the Court                    21-13886

## III.

In his petition for review, Renaud argues that the BIA erred in denying his motions to reconsider and to reopen.[2] His argument focuses on his failure file a timely brief in support of his appeal from the denial of his application for asylum, withholding of removal, and CAT relief. Specifically, he contends that he could not timely file a brief "because of pandemic uncertainty and requirements." Petitioner's Br. at 4.[3] So, he argues, he should have been permitted to file a brief belatedly. But Renaud's motions argued that he should be permitted to file a belated brief for a different reason— his counsel's failure to file a brief, unbeknownst to Renaud. Renaud never made the argument about the pandemic in his motions before the BIA. Thus, we lack jurisdiction to consider it and must dismiss his petition for review insofar as it is based on this argument. *Amaya-Artunduaga*, 463 F.3d at 1250.

---

[2] Renaud also seeks to challenge the BIA's summary dismissal of his appeal for failure to file a brief. We lack jurisdiction to consider his challenge because he failed to timely file a petition for review from the BIA's summary dismissal order. *See Avila v. U.S. Att'y Gen.*, 560 F.3d 1281, 1285 (11th Cir. 2007); 8 U.S.C. § 1252(b)(1) (requiring a petition for review to be filed within 30 days). We therefore dismiss this portion of Renaud's petition for review.

[3] We note that the BIA's briefing schedule required that Renaud file a brief by November 25, 2019, before COVID-19 began to disrupt life in the United States. *See generally Ga. Ass'n of Latino Elected Officials, Inc. v. Gwinnett Cnty. Bd. of Registration & Elections*, 36 F.4th 1100, 1109 (11th Cir. 2022) (citing the "public health crisis surrounding the spread of COVID-19 in early 2020").

Renaud's brief does not challenge the BIA's denial of his motion to reconsider and reopen removal proceedings based on its conclusion that he failed to meet the procedural requirements for an ineffective-assistance-of-counsel claim. But even if we were to liberally construe his petition as challenging the BIA's conclusion, we would find Renaud's challenge to be meritless. A motion to reopen based on alleged ineffective assistance of counsel must satisfy three procedural requirements. *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988). First, the motion must be supported by an affidavit detailing the agreement with counsel and describing the ways in which counsel's performance was defective. *Id.* Second, counsel must be informed of the ineffective-assistance claim and given an opportunity to respond. *Id.* Third, the motion should either reflect that a complaint was filed with an appropriate disciplinary body or explain why such a complaint was not filed. *Id.* We have held that the BIA may require a movant to satisfy this three-part test. *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1274 (11th Cir. 2005). Even assuming Renaud's motion and accompanying affidavit satisfied the first two of these requirements, Renaud did not indicate that he had filed a complaint against his former counsel or explain why no such complaint had been filed. Thus, the BIA's conclusion that he had failed to satisfy *Matter of Lozada* was not an abuse of discretion. We therefore deny in part Renaud's petition for review.

8                    Opinion of the Court                    21-13886

## IV.

For the above reasons, we dismiss Renaud's petition for review in part and deny it in part.

**PETITION DISMISSED IN PART, DENIED IN PART.**